[No. 7898–4–I.   Division One.   July 20, 1981.]

THE STATE OF WASHINGTON, *Respondent,*
v. LARRY WILSON, *Appellant.*

*Larry Wilson,* pro se, and *Cynthia Wills,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *William H. Redkey, Deputy,* for respondent.

CORBETT, J.—The defendant appeals from his conviction of assault in the second degree. While this appeal was pending, the defendant filed a personal restraint petition which we will consider as a pro se brief, pursuant to RAP 10.1(d).

Late in the evening of April 30, 1979, the victim was walking through a dark alley after spending several hours in two local taverns. She was approached from behind and told to go over to a grassy area. The assailant then got on top of the victim, began to choke her and pulled her dress up over her head. During the attack, the victim screamed, which attracted the attention of Mrs. Jones, a nearby resident.

Mrs. Jones initially went outside and, believing that a dog was attacking a child, went back inside her home to solicit the help of her brother–in–law, Greg, and her husband, Terry. As Mrs. Jones, Greg and Terry approached the two figures thrashing about on the ground, the assailant

fled into an area bordered on three sides by high fences and a building. Terry stood at the entrance of this cul–de–sac, Mrs. Jones attended the victim who was bleeding from her nose and lip, and Greg went across the street to seek the assistance of two police officers who were investigating an unrelated matter. The assailant came out of hiding, but while being handcuffed shoved the police officer down and fled the scene on foot. The officer pursued but lost the assailant. A canine unit located the defendant hiding under bushes a short distance from the scene of the attack. When arrested, the defendant insisted that the police had the wrong person.

By a motion in limine, the defendant sought to preclude the prosecution from inquiring about the defendant's prior convictions unless the prosecution could come forward with certified copies of those convictions. The defendant argued that the FBI "rap sheet" was insufficient proof for impeachment purposes. The trial court relied on *State v. DeCuir*, 19 Wn. App. 130, 574 P.2d 397 (1978), and ruled that the "rap sheet" was a sufficient basis for the prosecution's good faith belief that the defendant had been convicted of a crime, even though proof of a specific conviction was not available. If, however, the defendant chose to deny any prior convictions, the prosecution would be bound by that answer and could not pursue the matter further. On *direct* examination, the defendant testified to a 1971 misdemeanor conviction for giving false information, a 1973 conviction for passing a fraudulent check, and a fictitious check conviction in 1976. The prosecution did not cross–examine the defendant about the convictions but did mention them in rebuttal argument. After the trial, it was discovered that the 1971 conviction for giving false information had been dismissed. The defendant contends that the trial court's ruling was erroneous and posed a hobson's choice. If he took the stand he would be impeached by improperly authenticated convictions; if he refused to testify he would be unable to present his defense. Defendant overlooks an additional alternative. He could have taken

the stand and not mentioned his prior convictions unless asked about them on cross–examination. No error can be assigned to a trial court ruling on a motion in limine. Until the objection is timely made in the course of trial and the predicate for the ruling is no longer hypothetical, the ruling in limine is advisory, tentative and not the basis of error.

> [T]he very purpose of the motion in limine is to receive an advance ruling on anticipated objectionable material, . . . All authorities appear to agree that a denial of a motion in limine . . . cannot, in and of itself, constitute reversible error. It may be error but cannot be reversible error. The reason is simple. The objectionable material has not yet reached the jury's ears. It may never reach the jury. For reasons of its own the opposition may elect not to offer objectionable material. Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Texas 1963).

*State v. Garrett,* 183 N.W.2d 652, 655 (Iowa 1971); 75 Am. Jur. 2d *Trial* § 165 (1974). This court recognized the tentative nature of a motion in limine in *Jordan v. Berkey,* 26 Wn. App. 242, 611 P.2d 1382 (1980). Also, when the defendant testified to his conviction on direct, the error, if any, was self–invited, *State v. Penn,* 23 Wn. App. 202, 206, 596 P.2d 1341 (1979), and is precluded from review. *State v. Vandiver,* 21 Wn. App. 269, 273, 584 P.2d 978 (1978).

The defendant assigns error to the State's failure to preserve the clothes he was wearing at the time he was arrested. He argues that the shirt he was wearing when arrested differed from the one described by a witness. He contends that his shirt was blood–free, and because the victim was injured during the assault, such evidence would be exculpatory.

Failure of the State to disclose to the accused favorable, material evidence violates due process. *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). The duty of disclosure is operative as a duty of preservation. *State v. Wright,* 87 Wn.2d 783, 557 P.2d 1 (1976); *Seattle v. Fettig,* 10 Wn. App. 773, 519 P.2d 1002 (1974). The United States Supreme Court has defined material evidence as evidence which creates a reasonable

doubt which did not otherwise exist, and has stated that the destroyed or undisclosed evidence must be evaluated in the context of the entire record. *United States v. Agurs,* 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976), applied in *State v. Canaday,* 90 Wn.2d 808, 585 P.2d 1185 (1978).

In *Canaday,* the court noted at page 816 that "[m]ateriality within the scope of constitutional protection is determined not by speculation about whether the evidence may possibly yield favorable evidence at trial, but rather by the reality of the prejudice to the defendant caused by nondisclosure." The *Agurs/Canaday* standard is similar to that articulated in *State v. Wright, supra, i.e.,* in cases of this nature the courts are to be guided by the pragmatic balancing approach which requires a weighing of the degree of negligence or bad faith involved, the importance of the evidence lost, and the evidence of guilt adduced at trial.

*State v. Wilkes,* 24 Wn. App. 381, 383–84, 600 P.2d 1305 (1979). Applying the *Agurs/Canaday* approach to this case, we conclude that there is no reasonable possibility that the lost clothes were material to the guilt or innocence of the defendant. Although the victim was unable to identify her assailant, Terry Jones testified that the man who came out of the bushes when the officer arrived was the same man he had observed running away from the victim. The officer testified that the man arrested a short time later was the same man that he had earlier attempted to arrest. The officer's and the defendant's descriptions of the missing shirt were similar and finally, a canine unit tracked the defendant from the scene of the assault to his hiding place under some bushes a short distance away. In light of this testimony and the entire record, the defendant's clothes were not material. The record is silent as to the bad faith, if any, or the degree of negligence on the part of the police in losing the defendant's clothes.

Next, the defendant argues that the fifth, sixth and fourteenth amendments to the United States Constitution, article 1, sections 3 and 22 of the state constitution, and the intent of CrR 4.5(a) were violated when his trial attorney

waived the omnibus hearing.

> Although a clear line of demarcation cannot always be delineated between what is substantive and what is procedural, the following general guidelines provide a useful framework for analysis. Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.

*State v. Smith,* 84 Wn.2d 498, 501, 527 P.2d 674 (1975); *State v. Turner,* 16 Wn. App. 292, 555 P.2d 1382 (1976).

CrR 4.5 and 4.7 are procedural and not substantive as they merely allow for accelerated disclosure of information which ultimately must be revealed at trial and their purpose is to prevent last–minute surprise, trial disruption, and continuances and to encourage the early disposition of the cases through settlement. *State v. Nelson,* 14 Wn. App. 658, 545 P.2d 36 (1975); *State v. Dault,* 19 Wn. App. 709, 578 P.2d 43 (1978). An attorney is impliedly authorized to waive procedural matters in order to facilitate a hearing or trial. *In re Adoption of Coggins,* 13 Wn. App. 736, 739, 537 P.2d 287 (1975); *State v. Franulovich,* 18 Wn. App. 290, 567 P.2d 264 (1977). Therefore the defendant's argument is without merit.

The defendant next argues that the court erred in denying his motion made at the close of the State's case to dismiss the charge for lack of sufficient evidence. It is a well established rule that by putting on evidence in his own behalf after the denial of that motion, the defendant waived his challenge to the sufficiency of the State's evidence. *State v. Allan,* 88 Wn.2d 394, 396, 562 P.2d 632 (1977); *State v. Gallo,* 20 Wn. App. 717, 582 P.2d 558 (1978).

Next, the defendant argues that the prosecution committed misconduct during the opening statement which impaired his constitutional right to a fair trial. It is the defendant's contention that the opening statement in which the prosecution described the level of violence inflicted on

the victim, the amount of alcohol the victim had consumed prior to the attack, the manner in which the canine unit located the defendant, identification testimony expected to be given by a witness and a statement of a witness the defendant alleges was not made, precluded him from receiving a fair trial. Testimony adduced during the trial indicated that the victim received black and blue marks on her throat from being choked, a bloody nose and a cut lip; that the victim had consumed four to five beers prior to the attack; that the police dog located the defendant under some bushes; that Terry identified the assailant as the same person who shoved the police officer and fled the scene, and that although at first Mrs. Jones believed the commotion was a dog molesting a child, upon closer examination she believed that a woman was being raped.

> Unless the misconduct of counsel in his opening state-ment is so flagrant, persistent and ill-intentioned, or the wrong inflicted thereby so obvious, and the prejudice resulting therefrom so marked and enduring, that correc-tive instructions or admonitions clearly could not neu-tralize their effect, any objection to such misconduct of counsel or error in the opening statement is waived by failure to make adequate timely objection and request for a corrective instruction or admonition. *Nelson v. Martin-son,* 52 Wn.2d 684, 328 P.2d 703 (1958); *Jones v. Hogan,* 56 Wn.2d 23, 351 P.2d 153 (1960).

*State v. Morris,* 70 Wn.2d 27, 33, 422 P.2d 27 (1966). The prosecution's opening statement closely followed the evidence that was introduced and can in no way be character-ized as so flagrant, persistent and ill intentioned or wrongly inflicted so as to unduly prejudice the defendant.

■ The defendant claims that it is prosecutorial misconduct to refer to the accused as the "defendant" during the trial and that the prosecution improperly coached a witness. No objection was made at trial, no evidence was adduced to support the allegation of coaching and no authority has been cited; therefore the assigned errors will not be considered on appeal. *State v. Kroll,* 87 Wn.2d 829, 838–39, 558 P.2d 173 (1976).

██ Defendant also claims he was unfairly prejudiced by closing argument. Counsel is given a reasonable latitude to draw and express reasonable inferences from the evidence produced at the trial. *State v. Hale,* 26 Wn. App. 211, 216, 611 P.2d 1370 (1980), and the burden is on the defendant to establish not only the impropriety of the prosecution's remarks but also its prejudicial effect. *State v. Jefferson,* 11 Wn. App. 566, 569, 524 P.2d 248 (1974). We have reviewed the record and find that the prosecutor properly restricted his argument to reasonable inferences. Also, no objection was timely made to the closing argument and therefore the defendant is precluded from raising it at this time. *State v. Kroll, supra* at 839.

██ The defendant argues that his constitutional right to compulsory process for the production of witnesses was violated by his attorney who did not seek out the testimony of two potential witnesses. The attorney knew of the witnesses and in his judgment their testimony would not be of value. In general, the decision to call or not call a witness is a matter of legitimate trial tactics. *State v. King,* 24 Wn. App. 495, 499, 601 P.2d 982 (1979); *State v. Thomas,* 71 Wn.2d 470, 429 P.2d 231 (1967). Furthermore, contrary to the defendant's insistence that the trial attorney did not conduct a pretrial investigation which would reveal the exculpatory nature of the testimony of the two witnesses, the record contains numerous references to the investigation.

██ The defendant's last assignment of error is that he was denied effective assistance of counsel at trial. The rule to determine effectiveness is as follows:

> After considering the entire record, can it be said that the accused was afforded an effective representation and a fair and impartial trial? . . . This test places a weighty burden on the defendant to prove two things: first, considering the entire record, that he was denied effective representation; and second, that he was prejudiced thereby.

*State v. Tuttle,* 26 Wn. App. 382, 384, 612 P.2d 823 (1980);

*State v. Jury,* 19 Wn. App. 256, 576 P.2d 1302 (1978). It might be noted that contrary to the argument of the defendant, our determination of competency must be made from the record. *State v. King, supra* at 498; *State v. White,* 81 Wn.2d 223, 500 P.2d 1242 (1972). The attorney conferenced with the defendant on several occasions, strongly argued against the prosecutor's motion for a continuance, and had an investigator interview the victim. During the trial, the attorney carefully questioned the prospective jurors and used four peremptory challenges, made timely and relevant objections where appropriate, argued vigorously in support of the motion in limine concerning the defendant's prior convictions and gave a well balanced closing argument. Considering the entire record, the defendant was afforded effective representation and a fair trial. A defendant is not guaranteed successful assistance of counsel, *State v. Adams,* 91 Wn.2d 86, 90, 586 P.2d 1168 (1978), and the competency of counsel is not measured by the result, *State v. White, supra* at 225.

The trial court is affirmed and the defendant's personal restraint petition is denied.

WILLIAMS and CALLOW, JJ., concur.

Reconsideration denied September 29, 1981.

Review denied by Supreme Court December 3, 1981.