[No. 4029–1–III.   Division Three.   December 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
LATHAM, *Appellant.*

*James Latham*, pro se, *Henry W. Grenley*, and *Mullavey, Prout, Grenley, Hall & Sonkin*, for appellant.

*E. R. Whitmore, Jr., Prosecuting Attorney*, and *Jeffrey C. Barker, Deputy*, for respondent.

CLARKE, J.*—Defendant, James Latham, was tried and convicted by jury of arson in the first degree. Defendant appeals.

The issues presented are: Whether the court erred by (1) denying the motion in limine to exclude evidence of the defendant's prior conviction; (2) changing its unrecorded ruling that evidence of defendant's prior conviction was inadmissible after voir dire, thereby allowing this evidence to come in and depriving defendant's counsel of the opportunity to examine prospective jurors regarding their prejudices and biases on drug abuse; and (3) denying two challenges for cause of jurors who had work experience in fire departments. We affirm.

A fire occurred in the house occupied by the defendant, his wife, and their young son on August 6, 1979. Earlier the same day, defendant and his wife quarreled and, during the dispute, defendant stated he would burn the house down. Defendant's wife soon left the house and was expected back in the late afternoon. Defendant testified he was upset by the argument, and since he had to return to work by 9 p.m., he took six Nytols, drank three beers and stretched out on the couch in the living room where he fell asleep. The fire broke out between 2:30 and 3 p.m. Empty beer bottles and a charred Nytol bottle were found in the house after the fire and were admitted into evidence.

At trial, the State called several expert witnesses, all of whom testified there were three separate fires in the resi-

---

*Judge Harold D. Clarke is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

dence and there was no connection between the fires. Defendant called one expert witness who testified he examined the house 14 days after the fire and determined the fire was caused by a defective wall plug which was the power source for the refrigerator in the kitchen. However, the State's expert witnesses on rebuttal testified they examined the cord and plug and did not believe such was the source of the fire.

Approximately 1 month before trial, defendant moved in limine to exclude a prior conviction, but this motion was denied. On March 11, the first day of trial, before the jury had been selected, the trial judge stated off the record he had reviewed the ruling and the motion in limine would be granted. It was agreed this would be put on the record at a later time. The jury was selected, but before being sworn in defense counsel reminded the court of its oral ruling. The court then stated on the record defendant's motion in limine was granted because the court believed defendant's prior sentence had been deferred. However, the State quickly informed the court defendant had not received a deferred sentence on a prior conviction. The next day, March 12, after the jury had been sworn and seated, the court reinstated its original ruling allowing evidence of the prior conviction to be admitted. Defense counsel immediately moved for a mistrial on the ground of lack of opportunity to voir dire the prospective jurors regarding their feelings of prejudice concerning a drug related conviction. The court denied this motion. Defendant took the stand and, on direct examination, his counsel questioned him about the prior conviction.

Defendant contends the trial court erred in denying his motion in limine to exclude evidence of this prior drug conviction for two reasons. First, he argues the trial court failed to consider any of the criteria listed in *State v. Alexis*, 95 Wn.2d 15, 19, 621 P.2d 1269 (1980).[1] Second, he

---

[1]*State v. Alexis, supra* at 19, states: "a major factor to be considered in the balancing procedure is a comparison of the importance that the jury hear the

argues a conviction of delivery of a controlled substance is not an offense involving dishonesty or a false statement, as required by ER 609(a)(2).[2] We disagree.

██ Recently, in *State v. Thompson,* 95 Wn.2d 888, 893, 632 P.2d 50 (1981), the court indicated the trial judge is not required to state the reasons for his or her ruling on a motion in limine regarding the admissibility of prior convictions for impeachment purposes. As to defendant's second point, in *State v. Thompson, supra* at 892, after quoting from *United States v. Ortiz,* 553 F.2d 782 (2d Cir. 1977), the court stated ER 609 recognized that drug convictions may have probative value as to the credibility of the defendant and thus may be introduced for impeachment purposes. We hold, therefore, the court did not err in ruling that evidence of defendant's prior drug conviction was admissible for impeachment purposes. Furthermore, the court's instruction[3] that a conviction of a prior crime may be considered by the jury only on the issue of credibility cured any potential prejudicial effect.

Next, defendant contends the court committed reversible

---

defendant's account of events with the importance that it know of his prior conviction. . . .

"Some other factors that may be considered in weighing probative value of credibility against potential prejudice include: (1) the length of the defendant's criminal record; (2) remoteness of the prior conviction; (3) nature of the prior crime; (4) the age and circumstances of the defendant; (5) centrality of the credibility issue; and (6) the impeachment value of the prior crime."

[2]ER 609(a) provides:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

[3]Instruction No. 6:

"Evidence that the defendant has previously been convicted of a crime is not evidence of the defendant's guilt. Such evidence may be considered by you in deciding what weight or credibility should be given to the testimony of the defendant and for no other purpose."

error when it changed its unrecorded ruling after the voir dire, thus depriving him of any opportunity to examine prospective jurors regarding their prejudices and biases on drug abuse. The State, citing *State v. Wilson,* 29 Wn. App. 895 (1981), contends a ruling on a motion in limine is advisory, tentative and not the basis of error and thus defense counsel should not have relied on the court's original ruling, but rather questioned the jurors on voir dire as to their prejudice or bias regarding the prior drug conviction of the defendant.

We believe there are times when motions in limine are, of necessity, tentative, advisory and not the basis of error because the prejudicial effect of the evidence can only be determined at the time it is introduced during trial. However, there are questions concerning admissibility of certain evidence that can and should be determined prior to trial by motions in limine for the benefit of the parties and the proper administration of justice. After all,

> [t]he purpose of a motion in limine is to dispose of legal matters so counsel will not be forced to make comments in the presence of the jury which might prejudice his presentation.

*State v. Evans,* 96 Wn.2d 119, 123, 634 P.2d 845 (1981). Furthermore, Washington courts in numerous cases have stated that rulings on motions in limine are more than tentative; and once the court has granted such a motion, no objection is necessary to preserve the right to claim error if the evidence is nevertheless admitted. *See Amend v. Bell,* 89 Wn.2d 124, 130, 570 P.2d 138, 95 A.L.R.3d 225 (1977); *Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85, 91, 549 P.2d 483 (1976); *State v. Smith,* 189 Wash. 422, 65 P.2d 1075 (1937); *State v. Brooks,* 20 Wn. App. 52, 59, 579 P.2d 961, *review denied,* 91 Wn.2d 1001 (1978); *Osborn v. Lake Washington School Dist. 414,* 1 Wn. App. 534, 538–39, 462 P.2d 966 (1969); *see also* Carter, *Motions in Limine in Washington,* 9 Gonz. L. Rev. 780, 783 (1974).

We find the court erred by reversing its prior ruling on the motion in limine after voir dire of the jury.

However, the law presumes each juror sworn is impartial and qualified to sit on a particular case, otherwise he would have been challenged for "cause." *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497, *appeal dismissed, cert. denied,* 376 U.S. 187, 11 L. Ed. 2d 603, 84 S. Ct. 638 (1963). The extent of voir dire is within the sound discretion of the trial court. *State v. Lopez,* 67 Wn.2d 185, 187, 406 P.2d 941 (1965); 2 L. Orland, Wash. Prac. § 198, at 218 (3d ed. 1972). The verdict of the jury in a criminal case will be set aside and a new trial granted only if the error is prejudicial; a prejudicial error is one which affects, or presumptively affects, the final result of the trial. *State v. Craig,* 82 Wn.2d 777, 784, 514 P.2d 151 (1973); *State v. Beard,* 74 Wn.2d 335, 341, 444 P.2d 651 (1968). When the defendant's guilt is consistently proven by competent evidence and no other rational conclusion can be reached then the conviction should not be set aside. *State v. Beard, supra* at 342. We hold that although the court committed error, the error was not prejudicial as it did not affect the final result. The evidence presented during the course of the trial clearly established motivation on the part of defendant for starting the fire in question. Expert testimony presented on behalf of the State established the fire was started in locations and in a manner entirely different than that testified to by defendant. We hold the error present, in light of all of the evidence presented, to have been harmless error beyond a reasonable doubt and in no way affected the final outcome of this case.

Defendant also contends the court committed reversible error by denying two challenges for cause of jurors who had work experience in fire departments. He argues he should not have been required to use preemptory challenges to excuse such jurors who had obvious bias or personal experience. We disagree.

It is within the trial court's discretion to determine whether a juror's prejudice is great and its findings on that issue will not be set aside unless error is manifest. *Beck v. United States,* 298 F.2d 622 (9th Cir.), *cert. denied,* 370

U.S. 919, 8 L. Ed. 2d 499, 82 S. Ct. 1558 (1962). The mere possibility of prejudice without more is not enough to set aside the verdict. *Rowley v. Group Health Coop.*, 16 Wn. App. 373, 377, 556 P.2d 250 (1976). Here, the judge questioned both of the challenged jurors as to whether they could try the case fairly and impartially. After reviewing the record on this point, we find nothing to show manifest error.

In his pro se brief, defendant raises several assignments of error. We find these to be without merit.

Affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied January 19, 1982.

Review granted by Supreme Court March 26, 1982.