[No. 10507–8–I. Division One. December 30, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. KELVIN JAMES HEBERT, *Appellant.*

*Raymond H. Thoenig* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Michael V. Linnabary, Deputy*, for respondent.

WILLIAMS, J.—Kelvin James Hebert was found guilty by jury verdict of burglary in the second degree and third degree theft. His appeal from the judgment raises evidentiary questions regarding the admissibility of pretrial identifications, his flight from the police after his initial detention, and the use of a prior burglary conviction for impeachment purposes. We affirm.

The facts essential to the disposition of this case are as follows. Lugene Smith, a teacher, having left her classroom for a few moments, returned to find her wallet missing. The description of a man (later identified as Hebert) who had been seen in her classroom and in the adjacent hallways was given to the police and Smith, in the company of another teacher, set out to find him. Hebert was rapidly apprehended but, during a "pat–down" search, broke away and fled. He was soon recaptured and held until Smith and another witness arrived and identified him as the suspect.

Hebert first assigns error to the trial court's denial of his

motion to suppress testimony concerning the "show–up" identification. He argues that the presence of police officers at the scene rendered the identification procedure suggestive.

■ Reliability of identification testimony is the critical factor in determining its admissibility. To be considered are: (1) the witness' opportunity to view the suspect at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of prior descriptions of the suspect; (4) the witness' level of certainty at the time of the confrontation; and (5) the length of time between the crime and the confrontation. *Manson v. Brathwaite,* 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243 (1977).

1. Opportunity to view suspect. Both Smith and Ronk, the other witness, had ample opportunity to see the suspect. Smith saw him three times: first, in the hallway; second, outside the school where she pointed him out to Ronk; and third, as she followed him through the streets. Ronk saw Hebert twice prior to the "show–up": outside the school and as he followed him through the streets.

2. Degree of attention. It appears from the testimony that Smith was routinely attentive when she saw Hebert in the hallway, but with Ronk was very alert as they pursued Hebert through the streets.

3. Accuracy of prior descriptions. Both Smith and Ronk gave an accurate description of Hebert to the police prior to the "show–up."

4. Level of certainty. Both witnesses confidently identified Hebert at the time of the "show–up."

5. Length of time. Less than 45 minutes passed between the incident at the school and the "show–up." Much longer delays have been allowed. *See Neil v. Biggers,* 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972). The trial court correctly denied the motion to suppress.

Hebert next assigns error to the trial court's denial of the motion to suppress testimony concerning his flight from the

police. He argues that evidence of his flight should not have been admitted because the danger of its prejudicing or confusing the jury outweighed its probative value. ER 403.

Officer Brower, who initially apprehended Hebert, first radioed for a patrol car to bring Smith and Ronk to the location, then conducted a "pat–down" search for weapons. During the search, in which a matchbox containing marijuana was found, Hebert struck the officer's arm and broke away.

Hebert argues that he fled because the officer knew from his identification papers that he was a parolee in possession of marijuana, not because he had been involved in a burglary. Thus, Hebert asserts, the admission of the flight testimony unfairly put him in the position of either informing the jury of his parole status or remaining silent and allowing the jury to draw an inference of guilt from his flight.

 Evidence of flight is admissible if it creates "a reasonable and substantive inference that defendant's departure from the scene was an instinctive or impulsive reaction to a consciousness of guilt or was a deliberate effort to evade arrest and prosecution." *State v. Nichols,* 5 Wn. App. 657, 660, 491 P.2d 677 (1971). The admission of potentially prejudicial evidence lies within the discretion of the trial court. *State v. Mulder,* 29 Wn. App. 513, 629 P.2d 462 (1981).

Hebert's flight from the officer reasonably could be considered a deliberate effort to evade arrest and prosecution for the burglary and could also reasonably be considered probative of his consciousness of guilt. *State v. Bruton,* 66 Wn.2d 111, 112, 401 P.2d 340 (1965). Accordingly, the court did not abuse its discretion in admitting the evidence.

Hebert's final assignment of error is to the trial court's pretrial ruling upon the admissibility of evidence of his prior burglary conviction for impeachment purposes. We find that Hebert, who did not testify at trial, has not preserved this assignment of error for appeal.

"An accused cannot avail himself of error as a ground for reversal where the error has not been prejudicial to him." *State v. Rogers,* 83 Wn.2d 553, 557, 520 P.2d 159 (1974); *State v. Jones,* 33 Wn. App. 372, 656 P.2d 510 (1982). To establish that the trial court's ruling admitting evidence of prior convictions under ER 609 was prejudicial, a defendant who does not testify must first demonstrate on the record that he would have taken the stand but for the adverse ruling and that his testimony would have aided his defense. *United States v. Tercero,* 640 F.2d 190 (9th Cir. 1980); *United States v. Hendershot,* 614 F.2d 648 (9th Cir. 1980); *United States v. Cook,* 608 F.2d 1175 (9th Cir. 1979). *See State v. Ruzicka,* 89 Wn.2d 217, 570 P.2d 1208 (1977). A good faith offer of proof following the close of the State's case satisfies this requirement, *see State v. Hill,* 83 Wn.2d 558, 520 P.2d 618 (1974), and provides the appellate courts with an adequate basis for reviewing the trial court's ruling and its effect. *United States v. Halbert,* 668 F.2d 489, 494 (10th Cir.), *cert. denied,* 456 U.S. 934, 72 L. Ed. 2d 453, 102 S. Ct. 1989 (1982); *United States v. Hendershot, supra; see State v. Moore,* 33 Wn. App. 55, 651 P.2d 765 (1982); *State v. Anderson,* 31 Wn. App. 352, 641 P.2d 728, *review denied,* 97 Wn.2d 1020 (1982); ER 103.

Hebert did not satisfy these requirements. The record does not demonstrate that his decision not to testify was a direct result of the trial court's ruling that he could be cross-examined regarding his prior burglary conviction. After the State rested its case, Hebert's counsel stated, "at this point, we haven't decided whether Mr. Hebert would take the stand or not." The record thereafter is silent as to the reason for Hebert's decision not to testify and Hebert did not make an offer of proof outlining what his testimony would have been if he had testified. Hebert has not established that he was prejudiced by the trial court's ruling. *See State v. Rogers, supra; State v. Jones, supra.*

The judgment is affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.