[No. 5018–1–III.   Division Three.   April 12, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. ALFREDO
AMADOR CABEBE, JR., *Appellant*.

*Catherine Campbell,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

MUNSON, A.C.J.—Alfredo Amador Cabebe, Jr., appeals his conviction for first degree possession of stolen property, RCW 9A.56.140(1)[1] and RCW 9A.56.150.[2]

---

[1]RCW 9A.56.140(1):

"(1) 'Possessing stolen property' means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto."

[2]RCW 9A.56.150:

"(1) A person is guilty of possessing stolen property in the first degree if he

■ Mr. Cabebe contends the trial court erred in deciding a 1979 California felony conviction would be admissible to impeach him if he testified. The trial court based its decision in large part on the belief the jury was entitled to test Mr. Cabebe's credibility against the witnesses who connected him to the property. The issue here is whether the trial court clearly abused its discretion in deciding the probative value of the prior conviction was of sufficient importance that it should be admitted even though the defendant contended it was so prejudicial he would refuse to testify in his own behalf. *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981); *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980).

The essence of the discussion in *Alexis* revolved around the trial court's "better position" to decide whether the record presented sufficient opportunities to impeach defendant's story without admitting the prior conviction. *State v. Alexis, supra* at 19. The burden here is on the State; it must show the probative value of the prior conviction exceeded its prejudice. *United States v. Hendershot,* 614 F.2d 648 (9th Cir. 1980). The trial court found it did; we agree.

In *State v. Hebert,* 33 Wn. App. 512, 516, 656 P.2d 1106 (1982), Division One, citing *United States v. Cook,* 608 F.2d 1175 (9th Cir. 1979), *cert. denied,* 444 U.S. 1034, 62 L. Ed. 2d 670, 100 S. Ct. 706 (1980), recently adopted a procedure which the defendant must follow in such an instance:

> To establish that the trial court's ruling admitting evidence of prior convictions under ER 609 was prejudicial, a defendant who does not testify must first demonstrate on the record that he would have taken the stand but for the adverse ruling and that his testimony would have aided his defense. A good faith offer of proof following the close of the State's case satisfies this requirement, *see State v. Hill,* 83 Wn.2d 558, 520 P.2d 618 (1974), and

---

possesses stolen property which exceeds one thousand five hundred dollars in value.

"(2) Possessing stolen property in the first degree is a class B felony."

provides the appellate courts with an adequate basis for reviewing the trial court's ruling and its effect.

(Citations omitted.) *United States v. Cook, supra* at 1186, states:

> In future cases, to preserve the issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609. The trial court can then articulate its reasons for ruling as it does in each case. In future cases, a defendant who does not make the record contemplated in Rule 103 can fairly be said to have abandoned the point, and, accordingly, the teaching of the pre–Rule 609 cases in this circuit still has some value.

The test proposed in *Cook* was also cited with approval in *State v. Pam*, 98 Wn.2d 748, 763, 659 P.2d 454 (1983) (Utter, J., concurring, joined by four justices). Thus, a method is provided by which the trial court can better assure its decision is informed and the appellate court can review alleged prejudice. We concur with our brethren in Division One and strongly suggest this procedure be followed in the future. Here, we hold the trial court properly exercised its discretion as required by *State v. Alexis, supra.*

The remaining assignments of error may be dealt with summarily. Mr. Cabebe contends the admission of hearsay testimony denied him a fair trial. Detective Bennett's testimony was not hearsay and was admissible as relevant evidence. ER 401, 801(c). The testimony of Kathy Siqueido was admissible under ER 803(a)(19). Further, within reasonable probabilities, the outcome of the trial could not have been materially affected had the trial court held otherwise. ER 103; *State v. Cunningham*, 93 Wn.2d 823, 613 P.2d 1139 (1980); *State v. Rogers*, 83 Wn.2d 553, 520 P.2d 159, *cert. denied*, 419 U.S. 1053, 42 L. Ed. 2d 650, 95 S. Ct. 633 (1974).

430

The judgment is affirmed.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied May 17, 1983.

Review denied by Supreme Court June 17, 1983.