[Nos. 10537–0–I; 10589–2–I.  Division One.  May 9, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOEY
PATRICK AUSTIN, *Appellant.*

*Michael J. Trickey* (appointed counsel for appeal) and *William Roarty* of *Eastside Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah Phillips, Deputy,* for respondent.

CORBETT, J.—Defendant, Joey Patrick Austin, appeals his judgment and sentence for first degree robbery and revocation of his probation on a prior conviction for second degree robbery. The cases have been consolidated on appeal. We affirm.

The ticket taker at a Garfield High School basketball game was robbed at gunpoint shortly after half time. She told police her assailant was Joey Austin, whom she had known for several years. She said he was wearing a red shirt and black yachting cap and carrying a black gun with a long, square barrel. She identified the defendant as the robber from a photo montage and at trial. During expert cross examination, her identification was severely tested.

The defense was alibi. Two witnesses testified they were at the gym and did not see the defendant there. One of

them saw an unidentified man, wearing a red sweatsuit and ski cap and carrying a bag, run out shortly after the robbery. The other testified that he saw a man in a red sweatsuit, and identified him by name. Three defense witnesses testified that the defendant was with them at a friend's house during the time the robbery was committed.

Defendant moved in limine to exclude evidence of his prior conviction for robbery under ER 609(a). Defense counsel stated "It is anticipated that Joey Austin will find it necessary to testify in his own defense . . ." and implied that his testimony would concern his alibi. The trial court ruled the conviction would be admissible. Defendant did not testify at trial. On appeal, he has supplemented the record with an offer of proof as to what his testimony would have been and asserts that his failure to testify was a result of the adverse ruling on the motion in limine.

Error cannot be assigned to a trial court ruling denying a motion in limine to exclude evidence because the ruling is advisory and tentative. *State v. Wilson,* 29 Wn. App. 895, 899 (1981). The granting or denial of the motion is discretionary, *State v. Morgan,* 192 Wash. 425, 431, 73 P.2d 745 (1937); *Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85, 91, 549 P.2d 483 (1976); *Amend v. Bell,* 89 Wn.2d 124, 130, 570 P.2d 138, 95 A.L.R.3d 225 (1977), as is the decision of when to rule on the motion. *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir. 1979), *cert. denied,* 444 U.S. 1034, 62 L. Ed. 2d 670, 100 S. Ct. 706 (1980); *see State v. Evans,* 96 Wn.2d 119, 123–24, 634 P.2d 845 (1981). The error, if any, is committed, not at the time of the ruling, but only when the evidence is improperly admitted over objection at trial. A majority of the courts which have considered the question require objection at trial to preserve the claimed error. *See* Gamble, *The Motion in Limine: A Pretrial Procedure That Has Come of Age,* 33 Ala. L. Rev. 1, 16 (1981).

The necessity for such a rule stems from the nature of evidentiary rulings. While the admissibility of some types of evidence may be determined before trial, most evidence

problems are best resolved in the atmosphere and context of the trial. In many instances, the determination of a matter's admissibility cannot be made before the point in the trial when its relationship to the theory of the case and to the other evidence becomes apparent. Gamble, at 13.

> Often, as evidence is developed at trial, possibly prejudicial evidence may, in the light of other evidence, be seen to be more probative then prejudicial. In such a situation, the trial court is better prepared to rule on admissibility when it has heard other evidence in the case. Any danger of prejudice can be avoided by a requirement that the offer of the evidence be made outside the presence of the jury.

Comment, *Motions in Limine in Washington,* 9 Gonz. L. Rev. 780, 788 (1974). Thus, the proper function of a motion in limine is not to obtain a final ruling upon the admissibility of evidence. Rather, it is designed

> to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself.

*Lagenour v. State,* 268 Ind. 441, 450, 376 N.E.2d 475, 481 (1978).

The predicate of the motion is, in this instance, that the defendant will take the stand and thus be subject to impeachment. Among the factors which the trial court must consider in deciding whether impeachment by the prior conviction is appropriate are the importance that the jury hear the defendant's account of events and the centrality of the credibility issue. *State v. Alexis,* 95 Wn.2d 15, 19, 621 P.2d 1269 (1980). Neither of these factors can be properly evaluated until the evidence has been developed at trial. This illustrates why rulings in limine can rarely balance the probative and prejudicial values of a piece of evidence.

If the defendant does not take the stand, he must make an offer of proof to demonstrate that he is prejudiced by the ruling.

An offer of proof is especially important where the

issue is admissibility of a prior conviction for purposes of impeachment. An offer not only aids appellate review and self–evaluation by the trial court, but is also necessary for the trial court to evaluate the importance of the defendant's testimony, one of the considerations enumerated in *Alexis*.

(Citation omitted). *State v. Pam*, 98 Wn.2d 748, 763, 659 P.2d 454 (1983) (Utter, J., concurring). It is of no assistance to the trial judge to supplement the record on appeal by an offer of proof. Defendant has not preserved this assignment of error for appeal. *Cf. State v. Hebert*, 33 Wn. App. 512, 516, 656 P.2d 1106 (1982).[1]

Defendant also assigns error to the denial of his motion for a new trial. Prior to trial, defense counsel knew of another person who was at the game and possibly involved in the robbery. Subsequent to conviction, defense counsel learned that this person had been stopped by police within minutes of the robbery, approximately four blocks from the robbery scene. He generally matched the physical description of the robbery suspect and was wearing a red jogging suit, a red baseball cap, and white sneakers. He had a gun similar to the one described by the victim. After the defendant's trial, the victim was shown a montage containing the photograph of this other person, and she indicated that he was not the person who had robbed her. Defendant's motion for a new trial was based on the newly discovered evidence of the arrest and the gun.

■ The criteria for granting a new trial based on newly discovered evidence are

whether the evidence (1) will probably change the result if a new trial is granted; (2) has been discovered since trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material to the issues and admissible; and (5) is not merely cumulative or impeaching.

---

[1]Even were we to review the assignment on its merits, we would find no abuse of discretion in the court's ruling. *State v. Thompson*, 95 Wn.2d 888, 892, 632 P.2d 50 (1981); *State v. Alexis, supra*.

*State v. Barry,* 25 Wn. App. 751, 757, 611 P.2d 1262 (1980); *see* CrR 7.6(a)(3). The absence of any of these five factors is grounds for denying the motion. *State v. Williams,* 96 Wn.2d 215, 223, 634 P.2d 868 (1981). Reversal is warranted only upon a showing that the court has manifestly abused its discretion. *State v. Barry, supra.* An abuse of discretion is established only if the court acted on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Testimony at trial indicated that at least one person other than the arrestee was wearing a red sweatsuit at the game. The probability of a different result based on the evidence of the arrest is, therefore, questionable. Whether defense counsel exercised due diligence in obtaining the information was sharply disputed. Given the discretionary nature of the ruling, we decline to substitute our judgment for that of the trial court.

Defendant also asserts that he was denied due process by the State's failure to inform him of the arrest prior to trial. The record before us does not indicate that any discovery request for this information was made. Absent such a request, due process does not require a new trial. *See United States v. Agurs,* 427 U.S. 97, 112, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976).

There being no error in entry of the judgment and sentence for first degree robbery, the court properly revoked probation on the prior conviction.

Affirmed.

ANDERSEN, C.J., concurs.

SCHOLFIELD, J. (concurring)—The majority opinion reaches the correct result, but I cannot subscribe to the statement in the opinion that error cannot be assigned to a trial court's ruling on a motion in limine.

*State v. Wilson,* 29 Wn. App. 895, 899 (1981), relied upon by the majority, states categorically:

No error can be assigned to a trial court ruling on a

motion in limine. Until the objection is timely made in the course of trial and the predicate for the ruling is no longer hypothetical, the ruling in limine is advisory, tentative and not the basis of error.

In *Wilson,* defendant moved to exclude evidence of prior convictions for impeachment purposes. The court denied his motion in limine and he testified to the convictions on direct examination. The court held the only way Wilson could preserve the error was to testify and have the prior convictions brought out during cross examination. *Wilson* apparently allows for no exceptions.

The rule in *State v. Wilson* is unnecessary to fair and orderly trial procedure, yet denies a defendant any opportunity, after his motion to exclude the prior convictions has been denied, to present the evidence himself on direct examination and thereby ameliorate the impact of the evidence upon the jury. The result in *Wilson* is not compelled by the cases cited therein and is inconsistent with decisions of our Supreme Court.

In *State v. Smith,* 189 Wash. 422, 65 P.2d 1075 (1937), the defendant, prior to the commencement of his cross examination by the State's attorney, moved to exclude any mention during cross examination of his dishonorable discharge from the Marines. The court granted defendant's motion. Despite the ruling, the State's attorney asked a question about the circumstances of his leaving the Marines and he replied, "I deserted." *State v. Smith, supra* at 427. Defendant did not object to the question, did not move to instruct the jury to disregard the answer, and did not move to strike the answer. The Supreme Court held that defendant's motion to exclude the evidence was sufficient to preserve the error for appeal, concluded the error was prejudicial and ordered a new trial. As *Smith* demonstrates, a ruling on a motion to exclude evidence is not necessarily merely advisory and tentative. *Accord, State v. Brooks,* 20 Wn. App. 52, 59–60, 579 P.2d 961 (1978) (holding that failure to object does not preclude raising the issue on appeal where erroneous evidence is offered in violation of an order

in limine) (citing *State v. Smith, supra*). If such a motion is sufficient to preserve error when granted, it follows that it may be the basis for error when denied.

In *State v. Hill,* 83 Wn.2d 558, 520 P.2d 618 (1974), the trial court ruled that the defendant could be cross–examined with respect to two prior convictions if he testified. Following the ruling, the defendant elected not to take the stand. The convictions involved had both been reversed and dismissed and therefore could not be used for impeachment purposes. The Supreme Court held that the trial court's ruling was prejudicial error, reviewable on appeal, even though the defendant did not testify. The court's opinion illustrates a defendant's motion in limine should not be dismissed as merely posing a hypothetical or abstract question:

> [T]he record as it stands clearly reflects that there was no doubt in counsel's mind, or in the trial judge's mind, as to the issue the trial judge was ruling upon or how he would rule upon that issue should the defendant take the stand. Likewise, it would be inappropriate to hypothesize that, had the defendant taken the stand, the prosecuting attorney might not have sought to impeach his credibility with the reversed convictions. The trial judge's ruling presented a standing invitation to the prosecuting attorney which, very likely, he would not have ignored.

*State v. Hill, supra* at 565.

If a motion in limine is made at a point in the trial when the trial judge is in no position to rule on admissibility of the evidence, the motion is properly denied and preserves no error in respect to later admission of that evidence. *Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85, 549 P.2d 483 (1976) (pretrial motion to exclude unspecified evidence on relevancy grounds denied). But

> Had the court granted the appellant's motion, under the rule of *State v. Smith,* 189 Wash. 422, 65 P.2d 1075 (1937), no objection would have been necessary to preserve the right to claim error if the evidence was nevertheless admitted.

*Fenimore v. Donald M. Drake Constr. Co., supra* at 92.

*State v. Latham,* 30 Wn. App. 776, 780, 638 P.2d 592 (1981), *review granted,* 97 Wn.2d 1006 (1982), in responding to the State's argument, citing *State v. Wilson, supra,* that the ruling on defendant's pretrial motion in limine was advisory and tentative and could not be the basis of error, stated:

> We believe there are times when motions in limine are, of necessity, tentative, advisory and not the basis of error because the prejudicial effect of the evidence can only be determined at the time it is introduced during trial. However, there are questions concerning admissibility of certain evidence that can and should be determined prior to trial by motions in limine for the benefit of the parties and the proper administration of justice. After all,
>
> > [t]he purpose of a motion in limine is to dispose of legal matters so counsel will not be forced to make comments in the presence of the jury which might prejudice his presentation.
>
> *State v. Evans,* 96 Wn.2d 119, 123, 634 P.2d 845 (1981). Furthermore, Washington courts in numerous cases have stated that rulings on motions in limine are more than tentative; and once the court has granted such a motion, no objection is necessary to preserve the right to claim error if the evidence is nevertheless admitted. [Citing authorities.]
>
> We find the court erred by reversing its prior ruling on the motion in limine after voir dire of the jury.

On appeal, in *State v. Moore,* 33 Wn. App. 55, 59–60, 651 P.2d 765 (1982), the State argued that the denial of Moore's motion in limine was not reviewable because it was not renewed at trial, citing *State v. Wilson, supra.* We rejected this argument as applied to Moore's case:

> Moore, however, made a complete record at the motion in limine, and the trial court's ruling was final, not tentative or advisory. Here, the issue of impeachment by prior conviction was ideally suited for final determination in a pretrial motion that minimized trial disruption and preserved the matter for appellate review. It was unnecessary to renew the objection at trial. *State v. Latham,* 30 Wn. App. 776, 638 P.2d 592 (1981), *review granted,* 97 Wn.2d 1006 (1982); *see State v. Brooks,* 20 Wn. App. 52, 579 P.2d 961 (1978).

The reason for court rules requiring litigants to take certain steps to preserve errors for appeal is to assure that there is an opportunity to correct them at the earliest possible time. Our rules and common sense require that the trial judge be fairly apprised of the reasons for the objection or the alleged error in the instructions so he can rule correctly and avoid expensive and unnecessary appeals and retrials. *Estate of Ryder v. Kelly–Springfield Tire Co.,* 91 Wn.2d 111, 587 P.2d 160 (1978); 1 J. Wigmore, *Evidence* § 18 (3d ed. 1940); *Estelle v. Williams,* 425 U.S. 501, 48 L. Ed. 2d 126, 96 S. Ct. 1691 (1976).

When a judge has made a ruling on a motion in limine to admit a defendant's prior conviction, the purpose of apprising the trial judge of possible error has been served. Often, such a motion will assure the earliest, least disruptive, and fairest disposition of the question. If the issue presented is one where a ruling in limine would be premature, the judge can decline to make a definitive ruling until a later point in the trial.

When the court rules in limine that a prior conviction will be admitted and has not changed the ruling by the time the defendant must make a decision to testify or not testify, the ruling is no longer tentative, hypothetical, or advisory. It is, by then, a final ruling which the defendant should be allowed to treat as such and make decisions accordingly. No further steps to preserve the claim of error for appellate review should be required except as *State v. Pam,* 98 Wn.2d 748, 659 P.2d 454 (1983) (Utter, J., concurring) and *State v. Hebert,* 33 Wn. App. 512, 656 P.2d 1106 (1982) require an offer of proof to preserve a claim of error for appeal where the defendant does not testify following denial of his motion in limine to exclude a prior conviction.

Reconsideration denied June 15, 1983.

Review granted by Supreme Court September 2, 1983.