

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 AUG -5 AM 8: 48

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68615-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD CARL HOWARD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED:  August 5, 2013 |
| | ) | |

LAU, J. — Richard Howard challenges his conviction for failure to register as a sex offender, arguing that the trial court violated his constitutional right to be present for trial and abused its discretion in admitting evidence.  He also challenges the sufficiency of the information.  Because Howard fails to demonstrate error, we affirm the conviction.  However, we accept the State's concession of error in the trial court's imposition of certain conditions of community custody and remand for the trial court to strike the challenged conditions.

## FACTS

Richard Howard is required to register as a sex offender.  In January 2011, Howard moved into a clean and sober transitional recovery group home in Kent.  House

rules require submission to urinalysis or an alcohol swab upon request. Failure to provide a requested sample and use of alcohol and/or drugs are grounds for immediate termination from the house.

Early in the morning of March 3, 2011, Howard came into the house, slamming the door. House manager Michael Parker asked Howard to provide a urine sample. When Howard did not cooperate, Parker called another house manager. Eventually, both managers informed Howard that he was terminated from the program. Howard took some of his possessions and left.

The house administrator sent an e-mail to Howard's Community Corrections Officer Juan Hernandez explaining that Howard had been terminated from the program. Hernandez called Howard on March 4 and instructed Howard to come to his office. Despite agreeing to report to Hernandez's office by 1 p.m., Howard did not appear or contact Hernandez. The Department of Corrections obtained a warrant for Howard's arrest.

On March 11, a fugitive task force surrounded Howard's wife's residence in Tacoma and used a public address system to call Howard to come out. The officers eventually entered the house with a ram and found Howard in an upstairs bedroom.

The State charged Howard with felony failure to register as a sex offender between March 3 and March 11, 2011. The trial court instructed the jury that "[a] requirement of sex offender registration is that a sex offender must provide . . . signed written notice of the change of address within 3 business days of moving to a new residence . . . ."

During deliberations, the jury sent out the following question: "How long does the registered sex offender have to register as transient once they have lost their housing? Can we please see the law as written?" The trial judge and defense counsel appeared by telephone conference call and the prosecutor was present in the courtroom where the bailiff read the jury's question aloud on the record. After discussion on the record and over defense counsel's objection, the trial court instructed the jury in writing as follows: "Any person required to register under [the law] who lacks a fixed residence shall provide signed notice to the sheriff of the county where he or she last registered within three business days after ceasing to have a fixed residence." (Alteration in original.)

The jury found Howard guilty as charged, and the trial court imposed a standard range sentence.

Howard appeals.

ANALYSIS

<u>Presence at Trial</u>

For the first time on appeal, Howard contends that the trial court violated both his right to be present under the federal constitution and his state constitutional right to appear and defend in person when it responded to a jury inquiry in his absence. <u>State v. Irby</u>, 170 Wn.2d 874, 880–85, 246 P.3d 796 (2011) (addressing federal and state rights). We generally will not review a claim of error raised for the first time on appeal. RAP 2.5(a). An exception exists for "manifest" errors affecting a constitutional right. RAP 2.5(a)(3). Violations of the federal constitutional right to be present and the state constitutional right to appear and defend may amount to manifest constitutional error if

-3-

the defendant can plausibly show that the error had practical and identifiable consequences at trial. State v. Lynn, 67 Wn. App. 339, 345, 835 P.2d 251 (1992). This requires a showing of actual prejudice. State v. O'Hara, 167 Wn.2d 91, 99, 217 P.3d 756 (2009).

Even assuming without deciding that Howard had a right to be present during the court's handling of the jury inquiry here, he fails to demonstrate that his absence resulted in actual prejudice. Prejudice in this setting is not presumed. Irby, 170 Wn.2d at 886 (citing State v. Caliguri, 99 Wn.2d 501, 508, 664 P.2d 466 (1983)). Howard merely claims that his "presence would have been beneficial," and that he could have informed his counsel whether he was aware of the three-day rule for reporting homelessness and pointed out that the instruction describing a three-day rule for reporting a new residence "caused the jury's questions." Br. of Appellant at 11. It is not apparent how such assertions would have been of any benefit to the consideration and resolution of the jury's question as to the law regarding the deadline for reporting homelessness. Howard fails to establish manifest error.

Sufficiency of the Information

Howard next contends, for the first time on appeal, that the information is constitutionally deficient because it does not allege as an essential element of the offense the statutory requirement that he register with the sheriff of his home county.

A charging document is constitutionally adequate if it sets forth the essential elements of the charged offense. State v. Kjorsvik, 117 Wn.2d 93, 97, 812 P.2d 86 (1991) (citing federal and state constitutions). "The purpose of this 'essential elements' rule is to give notice of the nature and cause of an accusation against the accused so

-4-

that a defense can be prepared." State v. Campbell, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995). The charging document need not use the exact words of the statute. Kjorsvik, 117 Wn.2d at 108. Rather, "the question . . . is whether all the words used would reasonably apprise an accused of the elements of the crime charged." Kjorsvik, 117 Wn.2d at 109.

When a challenge to the sufficiency of an information is raised for the first time on appeal, we liberally construe the charging document in favor of validity on appeal. Campbell, 125 Wn.2d at 801; Kjorsvik, 117 Wn.2d at 105. In liberally construing the information, we ask whether the elements of the offense "appear in any form, or by fair construction can ... be found, in the charging document." Kjorsvik, 117 Wn.2d at 105. Where the essential elements are present in the charging document, we then determine whether the defendant was nevertheless "actually prejudiced by the [u]nartful language which caused a lack of notice." Kjorsvik, 117 Wn.2d at 106.

The State charged Howard with failure to register as a sex offender, alleging in the information:

> That the defendant RICHARD CARL HOWARD in King County, Washington, during a period of time intervening between March 3, 2011 through March 11, 2011, having been convicted of Rape of a Child in the First Degree, a felony sex offense, as defined in RCW 9A.44.128; for which he was required to register as a sex offender under RCW 9A.44.130 did knowingly fail to comply with the requirements of RCW 9A.44.130, and that the defendant has been convicted in the State of felony failure to register as a sex offender on two or more prior occasions;
> Contrary to RCW 9A.44.132(1)(b), and against the peace and dignity of the State of Washington.

RCW 9A.44.132(1) provides in pertinent part:

A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130.

. . . .

(b) If a person has been convicted of a felony failure to register as a sex offender in this state or pursuant to the laws of another state on two or more prior occasions, the failure to register under this subsection is a class B felony.

RCW 9A.44.130 sets forth various registration requirements, including deadlines for registration based on a sex offender's residential status and other circumstances.

Howard identifies three particular requirements of RCW 9A.44.130 to support his claim that the information failed to allege an essential element of the crime. RCW 9A.44.130(4)(a) requires an offender who changes residence within the same county to notify that county's sheriff in writing or in person within three business days of moving. RCW 9A.44.130(4)(b) requires an offender who moves to a new county to register with the new county's sheriff and notify his former county's sheriff within three business days. And RCW 9A.44.130(5)(a) requires an offender who lacks a fixed residence to provide notice to the sheriff of the county in which he was last registered within three days of ceasing to have fixed residence. Based on these provisions, Howard claims, "Registering with the local sheriff is an essential element of the offense." Br. of Appellant at 14.

But even constitutional requirements that merely define and limit the scope of an essential element of a crime do not themselves constitute essential elements that must be alleged in the charging document. See State v. Allen, 176 Wn.2d 611, 294 P.3d 679 (2013) (First Amendment protections limiting the criminalization of threatening language to only "true threats," defines, rather than constitutes, an essential element and need not be included in the information). Similarly, statutes defining and limiting essential

-6-

elements do not constitute essential elements. See State v. Phuong, __ Wn. App. __, 299 P.3d 37, 62–64 (2013) (rejecting claim that statutory definition of "restrain" is an essential element that must be alleged in information charging unlawful imprisonment).

And we have rejected other claims that the various deadlines and procedures for complying with registration requirements set forth in the sex offender registration statute constitute essential elements of the offense of failure to register as a sex offender. State v. Bennett, 154 Wn. App. 202, 224 P.3d 849 (2010); State v. Peterson, 145 Wn. App. 672, 186 P.3d 1179 (2008), affirmed, 168 Wn.2d 763, 230 P.3d 588 (2010). In affirming our decision in Peterson based on a differing analysis, our Supreme Court held "that residential status is not an element of the crime" of failure to register." Peterson, 168 Wn.2d at 774.

As the Supreme Court recognized in Peterson, "a registrant's residential status informs the deadline by which he must register," but "it is possible to prove that a registrant failed to register within any applicable deadline without having to specify the registrant's particular residential status." Peterson, 168 Wn.2d at 772. In Peterson, the State presented evidence that Peterson vacated his residence on or around November 2, 2005, and did not report to the sheriff until December 6, 2005. Peterson, 168 Wn.2d at 767. The State alleged and proved that "Peterson registered outside of any deadline contained in the statute. It was therefore unnecessary to show his particular residential status in order to prove a violation of the statute." Peterson, 168 Wn.2d at 772.

But Howard points to the observation in State v. Mason, 170 Wn. App. 375, 383, 285 P.3d 154 (2012), that the Supreme Court's opinion in Peterson left open the question of "whether other facts may constitute essential elements of the crime of failure

to register, such as the statutory deadline and the 'particular county sheriff to which one must give notice.'" In Mason, the State charged Mason with failing to comply with registration requirements between March 27 and April 19, 2010. Mason, 170 Wn. App. at 377. At trial, the State presented evidence that Mason (1) registered with the Thurston County Sheriff on April 30, (2) told a Thurston County employee on April 20 that "'he had been staying the past couple weeks'" in Lewis County, (3) registered with the Lewis County Sheriff on April 21, and (4) lived in Lewis County for two or three weeks in April. Mason, 170 Wn. App. at 378. After the State rested, Mason moved to dismiss, arguing that the State failed to allege that he had a duty to register with the county sheriff, which he contended was an essential element of the charge. Mason, 170 Wn. App. at 378. On appeal, the Mason court refused to address his challenge to the sufficiency of the information based on inadequate briefing but observed that in light of the reasoning in Peterson, "this case presents a cross-county move that may require greater specificity in the information." Mason, 170 Wn. App. at 384.

Howard claims that greater specificity was required in his information because, as in Mason, his case involved evidence of a move from one county to another. But unlike the circumstances in Mason, it was undisputed that Howard did not register with any sheriff of any county between March 3 and March 11. And Howard claimed at trial that he had not moved out of the group home. Thus, the contested issue at trial was whether Howard had a change in residential status between March 3 and March 11, triggering a registration requirement. The State alleged and proved that Howard failed to comply with registration requirements between March 3 and March 11. Just as it was not necessary to allege and prove Howard's particular residential status during that

period, it was not necessary for the State to allege and prove the county sheriff to which he could have reported in order to comply with the statute. See Peterson, 168 Wn.2d at 772. Howard fails to demonstrate that the information lacked any essential element of the offense. The information was constitutionally adequate.

Admission of Evidence

Howard next argues that the trial court abused its discretion by admitting ER 404(b) evidence of the circumstances of his arrest. Under ER 404(b),

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"This list of other purposes for which such evidence of other crimes, wrongs, or acts may be introduced is not exclusive." State v. Baker, 162 Wn. App. 468, 473, 259 P.3d 270, review denied, 173 Wn.2d 1004 (2011).

A trial court must state its reasoning on the record when admitting ER 404(b) evidence. State v. Jackson, 102 Wn.2d 689, 693, 689 P.2d 76 (1984). "To justify the admission of prior acts under ER 404(b), there must be a showing that (1) the evidence serves a legitimate purpose, (2) the evidence is relevant to prove an element of the crime charged, and (3) the probative value outweighs its prejudicial effect." State v. Magers, 164 Wn.2d 174, 184, 189 P.3d 126 (2008). We review a trial court's decision to admit evidence under ER 404(b) for abuse of discretion. Baker, 162 Wn. App. at 473. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. State v. Dixon, 159 Wn.2d 65, 75–76, 147 P.3d 991 (2006).

Prior to trial, the prosecutor argued that the circumstances of Howard's arrest were relevant to show his consciousness of guilt for living with his wife in Tacoma without complying with his registration requirements as a sex offender. After hearing argument, the trial court found:

> That the fact of his residence - - not residing where he should be or knowing that he'd been kicked out of the housing and so forth, does have a connection to his state of mind with respect to his knowledge about whether or not he should be registering. And by living in a place not reported to the Department of Corrections, there is a connection to the requirement to report your new address to the Sheriff so that you can make your registration under the new address. So I believe that there is a relationship between the housing situation and Mr. Howard's overall knowledge of his obligation to register as a sex offender.

Verbatim Report of Proceedings (Mar. 14, 2012) at 79. The trial court then ruled that the State would be allowed to present evidence of the circumstances of the arrest. However, it excluded any reference to the fact that Howard had been found with a child sitting on his lap as more prejudicial than probative.

Howard claims that the evidence was not logically related to consciousness of guilt as to the charged crime because the Department of Corrections had issued a warrant for his arrest for his failure to contact his Community Corrections Officer. He testified that at the time of his arrest, he knew about the warrant but did not know about the charge of failure to register until 30 days later. But the fact that Howard had a different explanation for his actions does not render the admission of the evidence unreasonable. See State v. Hebert, 33 Wn. App. 512, 515, 656 P.2d 1106 (1982) (evidence of flight properly admitted to show consciousness of guilt for charged crime of burglary despite defendant's claim that he fled because he was a parolee in possession of marijuana). The record reveals that the trial court properly considered the evidence

-10-

under ER 404(b) and limited the potential prejudice by excluding details regarding the presence of a child. Howard fails to establish error.

### Community Custody Conditions

Howard challenges community custody conditions 4, 5, 7, 10, and 11, on his judgment and sentence, claiming that the trial court exceeded its authority in directing him to obtain a sexual deviancy evaluation, disclose dating relationships, follow a curfew, stay out of sex-related businesses, and obtain approval before possessing sexually explicit materials. Acknowledging that the trial court did not make the required findings to support such conditions, the State concedes that the conditions should be struck. We accept the State's concession and remand for the trial court to strike the challenged conditions.

### Statement of Additional Grounds for Review

Howard has filed a statement of additional grounds for review alleging: (1) the prosecutor's cross-examination question about "crimes of dishonesty" was "very prejudicial," (2) the trial court improperly denied his request for an appeal bond because his arrest "had nothing to do with this current charge," (3) the fact that he contacted the group home director after the incidents of March 4 made it "obvious [he] wasn't aware [he] was no longer living at the residence," (4) he does not believe certain people at "jury selection" "could have been impartial," and (5) he was denied his right to "go pro se prior to the starting of my trial." Because these bare claims are not supported by credible evidence in the record, we cannot review them. RAP 10.10(c) (an appellate court will not consider an argument made in a statement of additional grounds for review if it does not inform the court of the nature and occurrence of the alleged errors).

Affirmed in part and remanded.

WE CONCUR:

_Cox, J._

_Jan, J._

_Becker, J._