IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33269-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY LEE BAKER, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Terry Baker's appeal of the sentence imposed for his conviction for escape from community custody presents a recurring question of statutory construction under RCW 9.94A.525: whether, in calculating an escapee's offender score, the sentencing court should count "only prior escape convictions," as provided by RCW 9.94A.525(14), or should include an additional point because the conviction is for "an offense committed while the offender was under community custody," as provided by RCW 9.94A.525(19).

We conclude the statute is susceptible to two reasonable interpretations. Applying the rule of lenity, we construe it as limiting the offender score to the number of an offender's prior escape convictions. We remand with instructions to correct Mr. Baker's offender score.

FACTS, PROCEDURAL BACKGROUND, AND ANALYSIS

In February 2015, Terry Baker pleaded guilty to a charge of escape from community custody. At the plea hearing, the parties disagreed over what his offender score should be. The defense's position was that Mr. Baker's score was three, based on his three prior escape convictions. The State's position was that his offender score was four after adding a point because his present conviction was for an offense he committed while under community custody. The parties acknowledged that the issue was a recurring one and that different judges within the county had reached different results. The sentencing court accepted the State's argument.

Mr. Baker appeals. Despite having been released from custody, he asks us to address the technically moot issue given that it is a recurring one, has been decided differently by different sentencing judges, and is of substantial and continuing public interest. The State joins in the request that we decide the appeal. We agree the case involves matters of continuing and substantial public interest that justify retaining and deciding it. *See State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012) (a moot cause may be retained and decided under such a circumstance).

*Plain meaning*

Collectively, the portions of RCW 9.94A.525 that either the parties or we deem relevant to the construction issue state:

[T]he offender score rules are as follows:

2

The offender score is the sum of points accrued under this section rounded down to the nearest whole number.

(1) A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed. . . .

(2)(a) Class A and sex prior felony convictions shall always be included in the offender score.

*[(2)(b)–(d) and (f) deal with convictions that are neither Class A nor sex prior felony convictions. Such convictions are included unless they have "washed out" by virtue of years of crime-free time in the community that vary by offense. 2(e) is a special rule where the present conviction is felony driving while under the influence of intoxicating liquor or any drug or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug]*

. . . .

(14) If the present conviction is for Escape from Community Custody, RCW 72.09.310, count only prior escape convictions in the offender score. Count adult prior escape convictions as one point and juvenile prior escape convictions as 1/2 point.

. . . .

(19) If the present conviction is for an offense committed while the offender was under community custody, add one point. For purposes of this subsection, community custody includes community placement or postrelease supervision, as defined in chapter 9.94B RCW.

Although other subsections of the statute provide special rules for counting convictions or points for specific crimes, subsection (14) dealing with escape from community custody is the only subsection that uses the words "count only."

Mr. Baker focuses on subsection (14), and the word "only" ("count *only* prior escape convictions in the offender score") as meaning that nothing counted elsewhere in RCW 9.94A.525 is included in the offender score when the crime of conviction is escape from community custody.

3

The State focuses on the fact that the statute is structured with an introduction stating, "The offender score is the sum of points accrued under this section rounded down to the nearest whole number," followed by 22 enumerated subsections, implying that each subsection must be reviewed to see if it applies. This is consistent with the reading of the statute in *State v. Moeurn*, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010), in which our Supreme Court held that "[v]iewing the statutory scheme as a whole, we believe that the legislature intended the rules for calculating offender score to be applied in the order in which they appear."

The State also contends that because subsections of RCW 9.94A.525 either count convictions or add points, subsection (14) is reasonably read as stating that the sentencing judge is to "count only prior *escape* convictions" (not prior convictions for other crimes) but as telling the judge nothing about adding points. (Emphasis added.) Subsection (19) then requires that a point be added for any "offense committed while the offender was under community custody," identifying no exceptions.

Statutory interpretation is a question of law reviewed de novo. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). Our fundamental purpose in construing statutes is to ascertain and carry out the intent of the legislature. *In re Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011). "If the statute's meaning is plain on its face," this court will "give effect to that plain meaning as the expression of what was intended." *Tracfone Wireless, Inc.* v. *Dep't of Revenue*, 170 Wn.2d 273, 281, 242

4

P.3d 810 (2010). Plain meaning is discerned from all that the legislature has said in the statute and related statutes which disclose legislative intent about the provision in question. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002).

"For a statute to be ambiguous, two reasonable interpretations must arise from the language of the statute itself, not from considerations outside the statute." *Cerillo v. Esparza*, 158 Wn.2d 194, 203-04, 142 P.3d 155 (2006).

The State's argument from the structure of the statute, and which reads "only" as modifying which convictions get counted, is a reasonable one.

On the other hand, reading RCW 9.94A.525(19) in the context of the entire statute, its purpose as applied to every subsection other than subsection (14) is to increase the offender score and thereby enhance punishment because the offender committed the crime of conviction while under community custody. Where the conviction is for escape from community custody, however, the offender will *always* commit it while under community custody. Read as a whole, a reasonable result is reached by reading "only" as modifying which things "count . . . in the offender score."

*Maxims of construction and legislative history*

If a statute is susceptible to more than one reasonable interpretation, "then a court may resort to statutory construction, legislative history, and relevant case law for

5

assistance in determining legislative intent." *Anthis v. Copland*, 173 Wn.2d 752, 756, 270 P.3d 574 (2012).

It is a principal of statutory construction that a specific statute prevails over a general statute, but only where the statutes conflict. *O.S.T. v. BlueShield*, 181 Wn.2d 691, 701, 335 P.3d 416 (2014). Here, subsection (14) is the specific statute and subsection (19) is the general statute, but they do not conflict; at issue is only whether both were intended to apply.

Turning to legislative history, Mr. Baker points out that in the 1992 legislation that made the crime of escape from community custody a level 2 offense and created the scoring provision found in RCW 9.94A.525(14),[1] the final bill report states in part that "the offender gets *points* only if the offender has previous escape offenses." FINAL BILL REPORT ON Engrossed Substitute H.B. 2490, at 1, 52nd Leg., Reg. Sess. (1992) (emphasis added). Elsewhere, however, it states that "[o]nly prior escape convictions are *counted as criminal history* in calculating offender points for an offender's second or subsequent escape conviction." *Id*. at 2 (emphasis added). The authors of the bill report might have been speaking only of the impact of the new legislation on criminal history,[2]

---

[1] The crime of escape from community custody was created in 1988. LAWS OF 1988, ch. 153, § 6. The 1992 changes were made by Laws of 1992, ch. 75, §§ 3, 4, and 6.

[2] "Criminal history" was defined then (similar to its current definition) as "the list of a defendant's prior convictions, whether in this state, in federal court, or elsewhere." Former RCW 9.94A.030(12)(a) (1991).

6

No. 33269-1-III
*State v. Baker*

without considering the additional point that was then added by former RCW 9.94A.360(18) (1990) to all offenses committed while an offender was under community placement.

After considering the principles of construction and legislative history pointed to by the parties, both interpretations of RCW 9.94A.525 remain reasonable. "If after applying rules of statutory construction we conclude that a statute is ambiguous, 'the rule of lenity requires us to interpret the statute in favor of the defendant absent legislative intent to the contrary.'" *City of Seattle v. Winebrenner*, 167 Wn.2d 451, 462, 219 P.3d 686 (2009) (quoting *State v. Jacobs*, 154 Wn.2d 596, 601, 115 P.3d 281 (2005)). We therefore construe RCW 9.94A.525 as providing that where an offender's crime of conviction is escape from community custody, RCW 9.94A.525(19)'s provision for an additional point does not apply.

We remand with directions to correct Mr. Baker's offender score.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, A.C.J.

7