IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33416-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN K. YOUNG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Steven Young appeals his convictions for failure to register as a

sex offender and escape from community custody. We reject his substantive challenges

and affirm the convictions, but remand for resentencing.

FACTS

Mr. Young was convicted in 2004 of second degree child molestation. He

subsequently was convicted of failure to register as a sex offender in 2007, 2008, and

2012. Upon release from custody for the final conviction, Mr. Young was required to

serve 36 months of community custody.

In November 2013, Mr. Young registered his address for the purposes of the registration statute as 611 Seventh Street in Clarkston. Mr. Young stayed in this residence until July 2014. In July, he was taken into custody for violating his community custody conditions, and served 20 days in jail as a sanction.

Mr. Young was released on August 11, 2015. While in jail, his rental agreement at 611 Seventh Street was transferred to his sister. While Mr. Young met with the Department of Corrections (DOC) immediately after his release, he did not meet with them after that, or reregister his status as a sex offender at any particular address. Investigation at his prior address suggested he no longer lived there.

An arrest warrant issued for Mr. Young's failure to register as a sex offender. Mr. Young was ultimately arrested in Idaho and extradited to Washington. The State charged Mr. Young with failure to register as a sex offender in violation of RCW 9A.44.132(1) and escape from community custody in violation of RCW 72.09.310.[1] The information stated the failure to register charge as follows:

> I, . . . in the name and by the authority of the State of Washington, accuse STEVEN K. YOUNG, *Transient*, of the crime of FAILURE TO REGISTER AS A SEX OFFENDER (FELONY) (Third or Subsequent Conviction), a crime committed as follows:
>
>> That on or about and between the 8th day of July, and 3rd day of September 2014, in Asotin County, Washington, the Defendant, having previously been convicted of a felony level sex offense,

---

[1] Mr. Young also was charged with, but acquitted of, witness tampering.

being required to register pursuant to RCW 9A.44.130, and having been convicted in this state of a felony failure to register as a sex offender on two or more prior occasions, *knowingly failed to comply with any of the requirements of RCW 9A.44.130.*

Contrary to RCW 9A.44.132(1)(b).

Clerk's Papers (CP) at 8 (emphasis added).

Mr. Young waived his right to a jury trial and proceeded to bench trial. Various theories of liability were argued at trial, but the court expressly found Mr. Young guilty of the failure to register offense for not registering upon his release from jail. CP at 26. The court also found Mr. Young guilty of escape from community custody. In imposing sentence, the court added one point to the offender score on each count because Mr. Young committed the crimes while on community custody. The court imposed concurrent terms of 38 months for the registration offense and 4 months for the escape.

Mr. Young timely appealed to this court.

## ANALYSIS

This appeal challenges the failure to register statute, alleging both that it is unconstitutionally vague and/or ambiguous. He also challenges the sufficiency of the charging document and the scoring of the escape count. We combine, and consider first, his challenges to the statute before reviewing his remaining allegations.

*Failure to Register Statute*

Mr. Young argues the statute is vague and ambiguous because a person released from jail following a community custody violation would not understand that he had an obligation to again register with authorities. The Washington Supreme Court had already resolved these arguments against his position.

Well settled law governs both arguments. With respect to the vagueness claim, this court reviews de novo whether a statute is constitutional because the issue presents a question of law. *Kitsap County v. Mattress Outlet*, 153 Wn.2d 506, 509, 104 P.3d 1280 (2005). Similarly, this court applies de novo review to the interpretation of a statute—another question of law. *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004).

A defendant may only bring a vagueness challenge to the statute as it was applied to his particular case. *City of Spokane v. Douglass*, 115 Wn.2d 171, 182, 795 P.2d 693 (1990). A statute is unconstitutionally vague if either (1) the statute fails to define an offense with sufficient definiteness that a person of ordinary intelligence would be able to understand the conduct that is proscribed, or (2) the statute could lead to arbitrary or discriminatory enforcement. *See State v. Williams*, 144 Wn.2d 197, 203, 26 P.3d 890 (2001).

The courts presume a statute is constitutional; the challenger bears the heavy burden of proving the statute is unconstitutionally vague. *Douglass*, 115 Wn.2d at 178.

4

The ultimate question is whether the statute provides the proper notice of what is a crime. A statute does not provide the required notice when it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926). However, some amount of vagueness comes automatically with the use of language. *Haley v. Med. Disciplinary Bd.*, 117 Wn.2d 720, 740, 818 P.2d 1062 (1991). Thus, a statute is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct. *State v. Watson*, 160 Wn.2d 1, 7, 154 P.3d 909 (2007).

A statute is only ambiguous if it is reasonably susceptible to multiple interpretations. *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993). In that event, the rule of lenity requires that "the court must adopt the interpretation most favorable to the criminal defendant." *Id.*

The essence of Mr. Young's two arguments is that the statute does not clearly apply to someone who leaves the jail after serving a community custody sanction, leaving it vague or, at best, ambiguous. In this, he argues the position of the dissent in *Watson*. *See* 160 Wn.2d at 12-16 (Sanders, J., dissenting). However, the *Watson* majority opinion governs this case.

5

RCW 9A.44.130 sets out the registration requirements for sex offenders.[2] It

defines the registration requirement upon release from custody:

> Any adult or juvenile residing . . . in this state who has been found to have committed or has been convicted of *any sex offense* . . . shall register with the county sheriff for the county of the person's residence. . . . When a person required to register under this section is in custody of the state department of corrections, . . . or a local jail . . . *as a result of a sex offense* . . . the person shall also register *at the time of release from custody* with an official designated by the agency that has jurisdiction over the person.

RCW 9A.44.130(1)(a) (emphasis added). The statute thus requires three elements: first,

the person must have been convicted of "any sex offense;" second, the person must have

been "in custody . . . as a result of a sex offense;" and, third, the person must have failed

to register "at the time of release from custody." *Id.*

Case law further clarifies the "as a result of" language. In *Watson*, the court held

that an offender released after a community custody violation is being released "as a

result of a sex offense" under the statute. 160 Wn.2d at 8-9. Watson was charged with

failure to register as a sex offender because he did not register upon his release from a

community custody violation stemming from his original offense of child molestation.

---

[2] The parties disagree over the appropriate section that applies here. Mr. Young refers to subsection 3(a)(i), which defines the "deadlines" within which a person must register. RCW 9A.44.130(3)(a)(i) (giving the released offender three days to register). The State in turn refers to subsection (1) which defines the duty to register. RCW 9A.44.130(1)(a). Both statutes, however, use identical language in requiring the offender to register. *Compare* RCW 9A.44.130(1)(a), *with* RCW 9A.44.130(3)(a)(i). Thus, the distinction is insignificant.

*Id.* at 4-5. He argued that the statute was unconstitutionally vague. *Id.* at 5, 6. The court disagreed, reasoning: "Incarceration for probation violations relates back to the original conviction for which probation was granted." *Id.* at 8 (internal quotation marks omitted). It then applied the same reasoning to community custody violations and concluded Mr. Watson had been in custody for a sex offense when he was serving the sanction for violating the community custody resulting from the molestation conviction. *Id.* at 8-9. As the case law was presumptively available to the defendant, the statute was not vague and the release from custody triggered a new obligation to register. *Id.* at 11-12.

*Watson* expressly rejected the vagueness challenge Mr. Young presents here. *Watson's* construction of the statute also is controlling on the claim of ambiguity.[3] But, even if *Watson* did not control, the claim is without merit. Mr. Young argues the statute is ambiguous because it is not clear whether or not the "sex offense" referred to in the statute is the *original* sex offense prompting the registration requirement or any subsequent sex offense. The statute's meaning is plain. It specifically requires a person to register when they are released "as a result of *a sex offense*." RCW 9A.44.130(1)(a) (emphasis added). The phrase "a sex offense" means simply any sex offense. The statute does not say "the *original* sex offense," and it certainly does not say, "the sex offense that *first* prompted the person's requirement to register," as Mr. Young wishes. An appellate

---

[3] Although not expressly addressed by the majority, the ambiguity argument was addressed by the *Watson* dissent. *Id.* at 14.

7

court "will not add language to a clear statute." *Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 904, 949 P.2d 1291 (1997).

The statute is not vague as to Mr. Young's conduct and it is not ambiguous. Both contentions are without merit.

*Charging Document*

Mr. Young next argues the charging document did not properly state a crime because it did not identify the means by which he committed the failure to register. This challenge fails because the crime is not an alternative means offense. This argument, too, is controlled by Washington Supreme Court precedent.

A defendant has the constitutional right to be informed of the charges against him. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). This requires that the charging document include each essential element of the charged offense; merely citing to the appropriate statute is insufficient. *Id.* The rationale for this rule is that the defendant must be informed of the allegations so he or she can properly prepare a defense. *State v. Simon*, 120 Wn.2d 196, 198, 840 P.2d 172 (1992). Further, the statutory manner or means of committing a crime is an element that the State must include in the information. *State v. Bray*, 52 Wn. App. 30, 34, 756 P.2d 1332 (1988).

Mr. Young did not challenge the sufficiency of the charging document below. This changes our inquiry: where the information goes unchallenged below, an appellate court must "liberally construe the language of the charging document in favor of

8

validity." *State v. Zillyette*, 178 Wn.2d 153, 161, 307 P.3d 712 (2013). By liberally

construing the document in favor of the State, the defendant is prevented from

"sandbagging," i.e. not mentioning the alleged defect until after the State has rested and

can no longer amend the information. *Id.* at 161-162. The court applies a two-part test

when construing the information: "(1) do the necessary elements appear in any form, or

by fair construction, on the face of the document and, if so, (2) can the defendant show he

or she was actually prejudiced by the unartful language." *Id.* at 162. However, if the

necessary elements are *not* found, the court presumes prejudice and reverses without

prejudice to the filing of a new information. *State v. McCarty*, 140 Wn.2d 420, 425, 998

P.2d 296 (2000).

The challenged language from the information, detailed more fully previously,

alleged Mr. Young "knowingly failed to comply with any of the requirements of RCW

9A.44.130." He argues the information was improper because it did not adequately

inform him of which alternative means the State would be pursuing and some of the

alternatives are inconsistent. The short answer is that his alternative means argument was

rejected in *State v. Peterson*, 168 Wn.2d 763, 230 P.3d 558 (2010). Mr. Young notes a

subsequent case gave *Peterson* a narrow reading, citing to *State v. Mason*, 170 Wn. App.

375, 285 P.3d 154 (2012).

Whatever merit there may or may not be in *Mason*'s reading of *Peterson*, this case

squarely falls under *Peterson*. There the defendant "failed to provide timely notice of his

9

whereabouts under any of the statutorily defined deadlines after vacating his registered address." 168 Wn.2d at 772. In other words, because the defendant provided no registration whatsoever, the particular residency status did not need to be proved. Mr. Young is in the same position. He provided no address to local authorities and headed to Idaho, thus not registering in any manner. Broadly construing this charging document, it was more than adequate under *Peterson*.

If Mr. Young needed more information concerning the State's charging theory, he was free to seek a bill of particulars. CrR 2.1(c). However, the charging document did expressly state that Mr. Young knowingly failed to register. Under the facts of this case, it did not need to do any more. It was sufficient.

*Offender Score Calculation*

Lastly, Mr. Young correctly argues that the offender score was improperly calculated on the escape from community custody count. We recently decided this issue in his favor in *State v. Baker*, 194 Wn. App. 678, ___ P.3d ___ (2016). There we concluded the legislature did not intend trial judges to add a point to the offender score for escape from community custody due to the fact that the offender was on community custody at the time of the offense.

Although the matter is probably moot given the four month sentence for this offense is being served concurrently with the lengthier term on the failure to register count, we note that Mr. Young did request a remand for sentencing in the event he

10

No. 33416-3-III
*State v. Young*

prevailed with this argument. We accordingly remand the matter for resentencing on the escape from community custody charge. Mr. Young is free to waive resentencing if he does not desire to return to Clarkston.

Affirmed in part and remanded in part.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.