# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51097-9-II |
| Respondent, | |
| v. | |
| ERIC V. TRENT, SR., | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Eric V. Trent, Sr. appeals his conviction and sentence for first degree burglary. Trent argues that (1) the charging document was constitutionally insufficient, (2) the exceptional sentence was improper for several reasons, and (3) the legal financial obligations (LFOs) were improperly imposed.[1]

We hold that the charging document was constitutionally sufficient. But we also hold that there is no evidence that any of Trent's prior offenses were omitted from his offender score as required to impose an exceptional sentence under RCW 9.94A.535(2)(d). Thus, we affirm the conviction, but we reverse Trent's exceptional sentence and remand for resentencing in accordance with this opinion.

## FACTS

The State charged Trent with one count of first degree burglary and two counts of second degree assault. As to the first degree burglary charge, the second amended information alleged

---

[1] Because we reverse the exceptional sentence and remand for resentencing, we do not address Trent's arguments regarding LFOs.

that Trent "did enter or remain unlawfully, in a building . . . and, in entering or while in the building or immediate flight therefrom, did intentionally assault any person therein . . . in violation of RCW 9A.52.020(1)." Clerk's Papers (CP) at 47. The State also charged Trent with the following aggravating factors:

> Furthermore, pursuant to RCW 9.94A.535(2)(b)[,] [t]he defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010. RCW 9.94A.535(2)(c)[,] the defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished. RCW 9.94A.535(2)(d)[,] the failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient.

CP at 48.

Trent signed a waiver of his right to a jury trial after consulting with his attorney. The waiver stated:

> 1. I understand that I have a constitutional right to have a trial by a jury.
>
> 2. I do not want a jury trial. I want my case to be tried by a judge without a jury.
>
> 3. I understand that if I have signed this waiver at the time of arraignment (entry of my plea), I have the right to withdraw this waiver and request a jury trial within ten days from arraignment.

CP at 36. The trial court accepted the waiver and stipulation and set the case for a bench trial.

After trial, the trial court found Trent guilty of first degree burglary (Count I) and one count of second degree assault (Count III), and found him not guilty of one count of second degree assault (Count II).

Because the State requested an exceptional sentence based on aggravating factors, the trial court requested briefing by the parties, and asked for clarification as to whether the defendant

stipulated to his criminal history and the offender score of 21 as calculated by the State.[2] Trent

stipulated to his criminal history as follows:

| IV. Crime | | Date of Crime | Date of Sentence | Sentencing Court (County & State) | A or J (Adult or Juvenile) | Type of Crime | DV* Yes |
|---|---|---|---|---|---|---|---|
| 1 | Unlawful Pos. Firearm 1st Degree (05-1-00173-7) | 02/15/05-3/9/05 | 3/15/06 | Pacific County, WA | A | FB | N |
| 2 | Attempted elude (05-1-00147-8) | 6/11/05 | 9/27/05 | Pacific County, WA | A | FC | N |
| 3 | Malicious Misc. 2nd (02-1-00060-4) | 2/18/02 | 6/7/02 | Pacific County, WA | A | FC | N |
| 4 | Assault 3rd (01-01-00200-5) | 11/10/01 | 2/15/02 | Pacific Co., WA | A | FC | N |
| 5 | Burglary 1 w/ Deadly Weapon (90-1-00182-1) | 11/5/[90] | 3/18/91 | Pacific Co., WA | A | FA | N |
| 6 | Att. Robbery 1 w/ Deadly Weapon (90-1-00182-1) | 11/5/90 | 3/18/91 | Pacific Co., WA | A | FA | N |
| 7 | Att. Robbery 1 w/ Deadly Weapon (90-1-00182-1) | 11/5/90 | 3/18/91 | Pacific Co., WA | A | FA | N |
| 8 | Escape 1 (88-1-02937-9) | | 1/11/89 | Pacific Co., WA | A | FB | N |
| 9 | Mal. Misc. 2 (88-1-00027-0) | 1/30/88 | 6/10/88 | Pacific Co., WA | A | FC | N |
| 10 | Mal. Misc. 2 (88-1-00027-0) | 1/30/88 | 6/10/88 | Pacific Co., WA | A | FC | N |
| 11 | TMVWOP (88-1-00027-0) | 4/18/88 | 6/10/88 | Pacific Co., WA | A | FC | N |
| 12 | Possession of Stolen Property 1st Degree (86-1-00056-7) | 7/5/86 | 12/30/86 | Pacific Co., WA | A | FB | N |
| 13 | Burg. 2 (86-1-00056-7) | 7/5/86 | 12/30/86 | Pacific Co., WA | A | FB | N |
| 14 | Burg. 2 (84-8-00029-9) | 3/11/84 | 7/16/84 | Pacific Co., WA | J | FB | N |
| 15 | Burg. 2 | 12/31/83 | 7/16/84 | Pacific Co., WA | J | FB | N |
| 16 | TMVWOP | 6/1/84 | 7/16/84 | Pacific Co., WA | J | FC | N |

[2] Although the State at sentencing referred to Trent having prior misdemeanor offenses, there is no evidence in the record proving those offenses other than defense counsel's reference to prior misdemeanors.

CP at 70-71.

Trent also stipulated to the offender score of 21 and that "the . . . criminal history and scoring are correct . . . and . . . that the offender score is correct and that none of the convictions have 'washed out.'" CP at 71.

After hearing arguments, the trial court issued a written ruling regarding the aggravating factors and double jeopardy.[3] CP at 73-80. The trial court ruled that, as to the crime of first degree burglary, the State had proved the aggravating factor under RCW 9.94A.535(2)(d),[4] that "[t]he failure to consider the [d]efendant['s] prior criminal history, which was omitted from the offender's [score] calculation[,] pursuant to RCW 9.94A.525, results in a presumptive sentence [that] is clearly too lenient." CP at 73, 93. The court's written ruling stated,

> Without objection, the State presented argument that the Defendants (sic) offender score was 21. The scoring grid provided by the statute does not score beyond 10. Therefore the presumptive sentence is the same for a similarly situated defendant with a score of 10 and one who has a score of 20 or 30 or 100. Clearly common sense would dictate that an exceptional sentence is justified for anyone who has more than 2 times the highest score possible under the grid.
>
> Considering the purpose of RCW 9.94A, there is a substantial and compelling reason justifying an exceptional sentence because there are unscored felonies which are not accounted for in the presumptive sentence.

CP at 77.

---

[3] The trial court dismissed the assault conviction (Count II) based on double jeopardy.

[4] RCW 9.94A.535(2)(d) provides that "[t]he trial court may impose an aggravated exceptional sentence without a finding of fact by a jury [when t]he failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient."

Defense counsel agreed with the State that the trial court had the legal authority and the broad discretion to impose an exceptional sentence above the standard range, but requested a standard range sentence at the lower end of 87-116 months. The trial court sentenced Trent to an exceptional sentence of 136 months based on RCW 9.94A.535(2)(d) and *Blakely v. Washington*, 542 U. S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The court entered the following relevant findings of fact regarding the exceptional sentence:

> 5. Pursuant to RCW 9.94A.535(2)(d) the failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient.
>
> 6. Pursuant to *Blakely v. Washington*, 542 U. S. 296 (2004), the above-listed aggravating factors support an exceptional sentence of 136 months.

CP at 93. The trial court also made the following relevant conclusions of law:

> 1. The Court has jurisdiction of the parties and subject matter of this action.
>
> 2. The Court has authority to impose an exceptional sentence pursuant to Findings of Fact no. 2, 3, 4, and 5[,] and *Blakely v. Washington*, 542 U. S. 296 (2004) to have a judge or jury determine whether facts exist to justify an exceptional [s]entence.
>
> 5. A sentence above the standard range is in the interest of justice and is consistent with the purposes of the Sentencing Reform Act.
>
> 6. A sentence of 136 months is appropriate to ensure that punishment is proportionate to the seriousness of the offense.

CP at 93.

The trial court imposed mandatory and discretionary LFOs. Trent appeals his conviction, his exceptional sentence, and the court's imposition of LFOs.

## ANALYSIS

Trent argues that the charging document was constitutionally defective regarding the first degree burglary charge because it "omit[ted] the essential element of entering or remaining unlawfully 'with intent to commit a crime against a person or property therein.'" Br. of Appellant

at 6 (emphasis omitted) (quoting RCW 9A.52.020(1)).  The State argues that the information is sufficient because "a fair construction of the charging document informs Trent that he was accused of 'entering or remaining unlawfully' and 'intentionally assaulted a person therein.'"  Br. of Resp. at 8.  We agree with the State.

## I.  STANDARDS OF REVIEW

We review challenges regarding the sufficiency of a charging document de novo.  *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007).  We review the sentencing court's authority to impose an exceptional sentence de novo.  *State v. France*, 176 Wn. App. 463, 469, 308 P.3d 812 (2013).  We review the appropriateness of an exceptional sentence by answering the following three questions under the relevant standards of review:

> 1.  Are the reasons given by the sentencing judge supported by evidence in the record?  As to this, the standard of review is clearly erroneous.
>
> 2.  Do the reasons justify a departure from the standard range?  This question is reviewed de novo as a matter of law.
>
> 3.  Is the sentence clearly too excessive or too lenient?  The standard of review on this last question is abuse of discretion.

*State v. Law*, 154 Wn.2d 85, 93, 110 P.3d 717 (2005).  Here, because our inquiry on the exceptional sentence challenge focuses on the first question, we apply a clearly erroneous standard of review.  *Law*, 154 Wn.2d at 93.

## II.  CHARGING DOCUMENT

Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution, the State must allege in the charging document all essential elements of a crime to inform a defendant of the charges against him and to allow for preparation of his

6

defense. U.S. Const. amend. VI; Const. art. I, § 22; *State v. Kjorsvik,* 117 Wn.2d 93, 97, 812 P.2d 86 (1991). "A charging document is constitutionally sufficient if the information states each essential element of the crime, whether statutory or nonstatutory, even if it is vague as to some other matter significant to the defense." *State v. Mason*, 170 Wn. App. 375, 378-79, 285 P.3d 154 (2012).

Where, as here, the defendant challenges the sufficiency of an information after verdict, we construe the document liberally, asking whether: (1) "the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?" *Kjorsvik,* 117 Wn.2d at 105-06.

Applying this two-pronged *Kjorsvik* test, our first inquiry is whether the statutory element, "with intent to commit a crime against a person or property therein," appears in any form, or by fair construction can be found in the information. RCW 9A4.52.020(1)[5]; *Kjorsvik*, 117 Wn.2d at 108. Our Supreme Court has observed that it is not necessary to "use the exact words of a statute in a charging document; it is sufficient if words conveying the same meaning and import are used." *Kjorsvik*, 117 Wn.2d at 108. Further, we read the words in a charging document as a whole, construed according to common sense, and we include facts which are necessarily implied. *Kjorsvik*, 117 Wn.2d at 109.

---

[5] RCW 9A.52.020(1) states that "[a] person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person."

The charging document alleged that Trent "did enter or remain unlawfully, in a building . . . and, in entering or while in the building or immediate flight therefrom, did intentionally assault any person therein . . . in violation of RCW 9A.52.020(1)," which statute contains all essential elements of the charge of first degree burglary. CP at 47. Viewing the information liberally in favor of its validity and reading the information as a whole and in a common sense manner, it follows that the charging document did inform Trent of all of the essential elements of the first degree burglary charge.

Turning to the second prong, our next inquiry is whether "the defendant has shown that he was nonetheless prejudiced by any vague or inartful language in the charge." *Kjorsvik*, 117 Wn.2d at 111. Trent argues that he does not need to establish prejudice because the charging document omitted an essential element. *See State v. Zillyette*, 178 Wn.2d 153, 163, 307 P.3d 712 (2013). But because an essential element was not omitted, we do not presume prejudice and Trent has the burden to establish that any vague or inartful language actually prejudiced him. *Kjorsvik*, 117 Wn.2d at 95.

Trent does not argue that he was actually prejudiced by the language in the charging document, nor can he show actual prejudice. Under *Kjorsvok*, the charging document was constitutionally sufficient. *Kjorsvok*, 117 Wn.2d at 106. We hold that, because the charging document was constitutionally sufficient and Trent fails to show actual prejudice, his claim fails. We affirm Trent's conviction.

### III. EXCEPTIONAL SENTENCE – RCW 9.94A.535(2)(d)

Trent argues that his exceptional sentence was improperly imposed under RCW 9.94A.535(2)(d). We hold that under the applicable clearly erroneous standard of review, there is

insufficient evidence in the record to support an exceptional sentence under RCW 9.94A.535(2)(d), and thus, we reverse Trent's sentence and remand for resentencing. Because we reverse and remand on this issue, we do not address Trent's remaining arguments regarding sentencing and LFOs.

A defendant's offender score is calculated based on current and prior convictions. RCW 9.94A.525(1). The standard sentencing ranges in the Sentencing Reform Act of 1981 do not account for offender scores in excess of nine. RCW 9.94A.510; *France*, 176 Wn. App. at 468. A trial court may impose a sentence outside the standard range only if there are "substantial and compelling reasons justifying an exceptional sentence," and the court sets forth the reasons for its decision in written findings of fact and conclusions of law. RCW 9.94A.535.

The legislature created a nonexclusive list of factors that support an exceptional sentence. RCW 9.94A.535. RCW 9.94A.535(2) states in relevant part:

> The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances:
>
> . . . .
>
> (b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
>
> (c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.
>
> *(d) The failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient.*

(Emphasis added).

We review the trial court's findings of fact related to the imposition of an exceptional sentence to determine whether the reasons given by the trial court are clearly erroneous, and we

will reverse a trial court's exceptional sentence only if no substantial evidence supports its conclusions. *State v. Ferguson,* 142 Wn.2d 631, 647 n.76, 15 P.3d 1271 (2001). Substantial evidence is "evidence in sufficient quantum to persuade a fair-minded person of the truth of the declared premise." *Ferguson,* 142 Wn.2d at 647 n.76 (internal quotation marks omitted) (*quoting State v. Jeannote,* 133 Wn.2d 847, 856, 947 P.2d 1192 (1997)).

Here, Trent stipulated that his offender score was 21 based on his criminal history, and also stipulated that none of his prior convictions had washed out. The trial court accepted the stipulation. Further, the trial court noted that none of Trent's prior offenses encompassed the same course of conduct, and thus, under RCW 9.94.525(5)(a), all of his multiple prior offenses were counted separately in the offender score calculation.

The State requested an exceptional sentence under RCW 9.94.535(2)(d), arguing that based on Trent's prior criminal history, there were additional points omitted from the offender score and those offenses went unpunished. Specifically, the State claimed that "each of Trent's three prior juvenile second degree burglary offenses were counted as one full point pursuant to RCW 9.94A.525(10) rather than half points. Because of Trent's high offender score these points were omitted and thus unpunished." Br. of Resp. at 13. The trial court agreed with the State.

The trial court based the exceptional sentence of 136 months on its finding that the "failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient." CP at 93. The court ruled that "an exceptional sentence is justified for anyone who has more than 2 times the highest score possible under the [offender score] grid" under RCW 9.94A.535(2)(d), even though the State provided no evidence to support this conclusion. CP at

77. The court explained that it "simply can't ignore that there are unscored felonies (sic) here and that the . . . nine point eight years . . . is not sufficient under these circumstances." VRP (Aug. 18, 2017) at 250.

However, there is no evidence in the record to support the court's finding that any of Trent's prior offenses were omitted from the offender score under RCW 9.94A.525 as argued by the State. A review of the colloquy at the sentencing hearing reveals that the State failed to specifically identify which prior offenses were omitted. There was discussion about other aggravating factors identified in different provisions under RCW 9.94A.535(2)(b) which refers to prior unscored misdemeanor or prior unscored foreign criminal history and RCW 9.94A.535(2)(c) (the free crimes provision) which refers to multiple current offenses, and some of the current offenses going unpunished.

But the State clarified during sentencing that it was relying only upon RCW 9.94A.535(2)(d) to request an exceptional sentence. The court did not cite to RCW 9.94A.535(2)(b) or (2)(c) in its findings, rather it cited only to RCW 9.94A.535(2)(d).

Because there is no evidence in the record to support the court's finding, we hold that, under the applicable clearly erroneous standard of review, there is insufficient evidence in the record to support an exceptional sentence under RCW 9.94A.535(2)(d). Thus, we reverse Trent's sentence and remand for resentencing.

No. 51097-9-II

CONCLUSION

We hold that the charging document was constitutionally sufficient and we affirm Trent's conviction. However, we reverse Trent's exceptional sentence and remand for resentencing in accordance with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, A.C.J.

WORSWICK, J.

12