# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52092-3-II |
| Respondent, | (consolidated with) |
| v. | |
| JEFFREY JAY KAZULIN, | |
| Appellant. | |
| In the Matter of the Personal Restraint of | No.  53835-1-II |
| JEFFREY JAY KAZULIN, | |
| Petitioner. | UNPUBLISHED OPINION |

GLASGOW, J.—Jeffrey Jay Kazulin appeals his conviction for unlawful possession of a stolen vehicle. Kazulin argues the information in his case was constitutionally defective because it did not include a description of the stolen vehicle. Kazulin did not request a bill of particulars below and he agrees that the information contained all the essential elements of the charged crime. We hold that Kazulin waived his right to challenge the information by not requesting a bill of particulars below and affirm his conviction.

Kazulin raises several other arguments for reversal in a statement of additional grounds (SAG) and a consolidated pro se personal restraint petition (PRP). None of the arguments in Kazulin's SAG merits reversal of his conviction, and we deny Kazulin's PRP.

FACTS

Kazulin accompanied his friend, Phillip Wells, to the house of Gary and Shirley Wells[1] (unrelated to Phillip Wells). Gary and Shirley's son had recently died. Phillip said he had been a friend of their son and offered to help dispose of their son's property, which included a Honda Civic and a 1999 Ford truck. Gary decided to give the Honda to Kazulin and Phillip because it was not running. Kazulin asked Gary about the truck. Gary told Kazulin he planned to sell the truck, and Kazulin told him he was interested in buying it. Kazulin helped Gary start the truck. Kazulin and Phillip then fixed the Honda and drove it away with Gary's consent.

The next morning, Gary discovered the truck was gone. His surveillance camera showed that at about 4:00 a.m. that morning, a person rode up to the house on a bicycle, pushed the truck into the street, started it, and drove away. The key to the truck was also missing.

Gary and Shirley called 911 to report their truck stolen. A few days later, Tacoma Police Officer Timothy Caber spotted the truck. Kazulin was driving it and Caber arrested Kazulin. The truck's ignition had been punched or tampered with so that the truck could be started without a key. A key was also found inside the truck that might have been Gary's truck key.

Kazulin was charged with possession of a stolen vehicle in violation of RCW 9A.56.068 and RCW 9A.56.140. The information charged Kazulin with unlawful possession of a stolen vehicle, stating in relevant part that on November 22, 2017, Kazulin "did unlawfully and feloniously knowingly possess a stolen motor vehicle." Clerk's Papers at 1.

---

[1] For clarity we refer to Gary Wells, Shirley Wells, and Phillip Wells by their first names.

Kazulin was convicted after a jury trial and sentenced to 48 months in prison. Kazulin appeals his conviction. Kazulin also filed a SAG and a PRP, which was consolidated with his direct appeal.

ANALYSIS

I. DIRECT APPEAL

Under the Sixth Amendment to the United States Constitution and article 1, section 22 of the Washington Constitution, a person accused of a crime has the right to be apprised of the nature and cause of the accusation. *See, e.g.*, *State v. Pry*, 194 Wn.2d 745, 751, 452 P.3d 536 (2019). A charging document must include the essential elements, both statutory and nonstatutory, of all charged crimes. *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). If an essential element is missing, the charging document is constitutionally deficient. *Pry*, 194 Wn.2d at 751.

CrR 2.1(a)(1) provides that an indictment or information must also contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." The information "must allege the particular facts supporting" the charged crime to inform the accused person of the nature of the accusation. *Pry*, 194 Wn.2d at 752.

Kazulin argues that the information in his case was constitutionally insufficient because it did not describe the stolen vehicle he was charged with possessing. Challenges to the constitutional sufficiency of a charging document on the basis that the document failed to allege each essential element of the charged crime may be raised at any time, including for the first time on appeal. *State v. Nonog*, 169 Wn.2d 220, 225 n.2, 237 P.3d 250 (2010). But a challenge arguing that the language in a charging document was vague as to some other matter will be waived if the defendant did not request a bill of particulars before trial. *Id*.

CrR 2.1(c) provides, "The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment, or within 10 days after arraignment," or later with the court's permission. In *State v. Mason*, we held that a defendant who never requested a bill of particulars and then brought a vagueness challenge on appeal, arguing that the information failed to allege particular facts, had waived his right to challenge the information on vagueness grounds. 170 Wn. App. 375, 385, 285 P.3d 154 (2012).

Kazulin acknowledges that the information in his case contained all the essential elements of the charged crimes. Kazulin brings a vagueness challenge, but did not request a bill of particulars below. As a result, we hold that he waived his vagueness argument, and he cannot raise this issue for the first time on appeal. To the extent Kazulin argues that the longstanding distinction between a challenge to an information's constitutional sufficiency and vagueness as to some other matter violates the Sixth Amendment, he cites no relevant authority to support this argument.

## II. STATEMENT OF ADDITIONAL GROUNDS

Kazulin raises a number of additional claims in his SAG that he argues support reversal of his conviction. None of these claims merits reversal.

A.     Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). To prevail, Kazulin must show both that his counsel's performance was deficient, and that counsel's deficient performance prejudiced him. *Grier*, 171 Wn.2d at 32-33. A

failure to prove either prong ends our inquiry. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

We presume reasonableness and apply "exceptional deference" when "evaluating counsel's strategic decisions," and "[i]f trial counsel's conduct can be characterized as legitimate trial strategy or tactics, it cannot serve as a basis for a claim [of] ineffective assistance." *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). A petitioner must prove that "counsel's performance fell below an objective standard of reasonableness in light of all the circumstances." *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 538, 397 P.3d 90 (2017). To prove prejudice, a petitioner must show that, but for counsel's deficient performance, "there is a reasonable probability that the result of the proceeding would have been different." *Id.*

First, Kazulin argues that his attorney was constitutionally ineffective because he failed to investigate why law enforcement did not follow up on certain issues. Kazulin refers to the portion of his counsel's closing argument where he criticized the State for sloppy police work.

Ineffective assistance of counsel claims can be based on counsel's failure to investigate a potential defense, *see, e.g.*, *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 739, 101 P.3d 1 (2004), but it may be reasonable under the circumstances for an attorney not to "investigate lines of defense that he has chosen not to employ," *Riofta v. State*, 134 Wn. App. 669, 693, 142 P.3d 193 (2006). Here, Kazulin's attorney raised questions about the quality of the police investigation to cast doubt on the State's suggestion that Kazulin himself stole the truck, making it less likely that Kazulin knew it was stolen. Had Kazulin's attorney interviewed the police officers or conducted his own investigation of the bicycle or surveillance video, he might have discovered information adverse to his client. Kazulin's attorney made a reasonable tactical decision about what to investigate.

5

Second, Kazulin argues that his attorney was ineffective because he did not interview witnesses. He also suggests his attorney was defective because he did not have a witness list at the start of trial. Under RAP 10.10(c), an appellant who files a SAG must "inform the court of the nature and occurrence of alleged errors." Kazulin does not explain in his SAG which witnesses his counsel should have interviewed, or how interviewing them would have supported his defense. Kazulin also does not explain how the alleged witness list error made his counsel's performance deficient. Under RAP 10.10(c), Kazulin has failed to inform this court of the nature and occurrence of these alleged errors. We do not further consider these arguments.

Third, Kazulin argues that his attorney was ineffective because he did not object to the State's questions about the condition of the truck's ignition and the identity of the key found in the truck at the time of Kazulin's arrest. Washington courts have held that the decision whether or not to object during trial is a matter of trial tactics. *See, e.g.*, *State v. Kloepper*, 179 Wn. App. 343, 355, 317 P.3d 1088 (2014) (citing *State v. Madison*, 53 Wn. App. 754, 763, 770 P.2d 662 (1989)). Kazulin has not shown that his attorney's failure to object was not a tactical decision. We conclude this ineffective assistance claim does not have merit.

Fourth, Kazulin argues his attorney's performance was deficient because he did not pursue theories of the case reflecting inconsistencies between some of the evidence presented at trial. Kazulin contends that his attorney was ineffective because he did not argue that if Kazulin were guilty, he would not have punched the ignition *and* possessed a key to the truck. Kazulin also asserts his attorney was ineffective because he did not argue that, had Kazulin known the truck was stolen, he would not have left the original license plates on the truck. Finally, Kazulin argues

his attorney was ineffective because he did not address minor inconsistencies in Caber's testimony about whether Kazulin initially gave him an incorrect birth date.

We will not "find ineffective assistance of counsel if 'the actions of counsel complained of go to the theory of the case or to trial tactics,'" so long as those tactics were reasonable. *State v. Garrett*, 124 Wn.2d 504, 520, 881 P.2d 185 (1994) (quoting *State v. Renfro*, 96 Wn.2d 902, 909, 639 P.2d 737 (1982)). Kazulin's arguments clearly fall within the domain of trial tactics and Kazulin has not shown that the defense theory his attorney pursued was unreasonable or that counsel unreasonably chose not to raise the arguments Kazulin proposes in this SAG.

Kazulin has failed to show that his attorney's performance was deficient and, therefore, his ineffective assistance of counsel claims all fail.

B.    Prosecutorial Misconduct

Kazulin argues that the State committed prosecutorial misconduct: (1) when the prosecutor inadvertently referred to Phillip Wells as "Mr. Phillips" while conducting the direct examination of Gary, SAG at 3; (2) when the State argued in closing that Phillip was the one who took the truck on November 22, 2017, because that argument may have conflicted with the testimony of one of the police officers; and (3) when the State elicited testimony from Caber that Kazulin provided an incorrect birth date on arrest.

To prevail on an allegation of prosecutorial misconduct, the defendant bears the significant burden of showing that the prosecutor's conduct was both improper and prejudicial. *See State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). None of the conduct Kazulin describes was improper. Kazulin's prosecutorial misconduct claims do not have merit.

7

C.      Judicial Bias

Kazulin argues that the judge exhibited personal bias against him because the judge had previously been a prosecutor who charged Kazulin with a crime about 20 years earlier.

"Pursuant to the appearance of fairness doctrine, a judicial proceeding is valid if a reasonably prudent, disinterested observer would conclude that the parties received a fair, impartial, and neutral hearing." *State v. Solis-Diaz*, 187 Wn.2d, 535, 540, 387 P.3d 703 (2017). Courts presume "that a trial judge properly discharged [their] official duties without bias or prejudice." *Davis*, 152 Wn.2d at 692. "The party seeking to overcome that presumption must provide specific facts establishing bias." *Id.*

Kazulin explicitly consented to trial with this judge after the judge disclosed charging Kazulin with a crime 20 years ago. The trial judge did not remember anything about this charge, and Kazulin did not remember the judge. Kazulin's judicial bias argument does not have merit.

We decline to reverse Kazulin's conviction based on any of the grounds raised in his SAG.

III. PRP

A.      PRP Standards

To obtain relief through a PRP, a "petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010) (quoting *Davis*, 152 Wn.2d at 672). The petitioner must prove prejudice by a preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). We hold a pro se petitioner to the

8

same standard as an attorney. *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 328, 394 P.3d 367 (2017).

B.      Ineffective Assistance of Counsel

As explained above, Kazulin must show that his counsel's performance was deficient and that counsel's deficient performance prejudiced him. *Grier*, 171 Wn.2d at 32-33.

Kazulin first argues in his PRP that his attorney was ineffective because he did not interview Gary, Shirley, or the police officers who investigated the stolen truck, did not investigate possible fingerprints on a bicycle found at the scene, did not investigate whether the key found in the truck matched the truck, and did not retain an expert on keys to support an argument that the key found in the stolen truck was not for that truck. Kazulin does not explain what new information his attorney would have garnered from interviewing the people he identifies. And because Kazulin's primary defense was that he did not know the truck was stolen, his attorney had no obligation to investigate evidence about whether the key matched the truck or to present expert testimony about keys. Kazulin has not shown deficient performance or prejudice with regard to these claims.

Second, Kazulin argues that his attorney was unprepared for trial because the attorney had only 10 days to prepare, and he asserts that he never talked to his attorney prior to that 10 day period. Kazulin's attorney had more than 10 days to prepare because he appeared at a continuance hearing in February 2018, and trial did not begin until June 2018. The record does not reflect that counsel was unprepared to examine witnesses or deliver arguments. Moreover, Kazulin did not testify at trial, so he did not need his attorney to prepare him to testify. Kazulin has not shown

deficient performance or prejudice with regard to his attorney's preparation for his trial. This ineffective assistance of counsel claim also lacks merit.

The issues raised in Kazulin's PRP do not warrant relief.

## CONCLUSION

We affirm Kazulin's conviction and deny his PRP. The information in Kazulin's case was constitutionally sufficient and he did not request a bill of particulars. Kazulin raises no issues in his SAG or PRP that justify relief.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, P.J.

Cruser, J.