# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53265-4-II |
| Respondent, | |
| v. | |
| JOKANE RIKLON, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Jokane Riklon appeals his conviction for possession of a stolen motor vehicle. He argues that the charging information was constitutionally deficient because it did not specifically describe the stolen motor vehicle. We disagree and affirm Riklon's conviction.

### FACTS

The State charged Riklon with one count of unlawful possession of a stolen vehicle.[1] RCW 9A.56.068(1) provides that a person is guilty of possession of a stolen vehicle if he or she possesses a stolen motor vehicle. RCW 9A.56.140(1) further provides that possessing stolen property means to "knowingly . . . possess . . . stolen property knowing it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto."

The charging information stated:

> That JOKANE RIKLON, in the State of Washington, on or about the 27th day of October, 2018, did unlawfully and feloniously knowingly possess a stolen motor vehicle, knowing that it had been stolen and did withhold or appropriate the

---

[1] The State also charged Riklon with attempting to elude a pursuing police vehicle and forgery. The trial court dismissed the forgery charge for lack of evidence. Only the charge of possession of a stolen vehicle is at issue in this appeal.

same to the use of any person other than the true owner or person entitled thereto, contrary to RCW 9A.56.068 and 9A.56.140, and against the peace and dignity of the State of Washington.

Clerk's Papers at 1. Riklon did not challenge the sufficiency of the charging information during trial.

A jury found Riklon guilty, and Riklon appeals his conviction.

ANALYSIS

Riklon argues that the charging information was constitutionally deficient because it did not specifically describe the stolen motor vehicle. We disagree.

The accused in a criminal case has a constitutional right to notice of the alleged crime the State intends to prove. WASH. CONST. art. I, § 22; U.S. CONST. amend. VI. The charging information provides that notice. CrR 2.1(a)(1). To be constitutionally adequate, a charging document must contain all essential elements of a crime to give the accused notice of the charges and to allow the accused to prepare a defense. *State v. Winings*, 126 Wn. App. 75, 84, 107 P.3d 141 (2005).

The State argues that we should not consider this issue because Riklon fails to establish manifest constitutional error warranting review. But a defendant may challenge the sufficiency of the charging information for the first time on appeal. *See State v. Zillyette*, 178 Wn.2d 153, 161, 307 P.3d 712 (2013). "When a defendant challenges the sufficiency of a charging document for the first time on appeal, [we] liberally construe the language of the charging document in favor of validity." *Id.* In liberally construing the charging document, we employ the two-pronged test established in *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991): "(1) [D]o the necessary elements appear in any form, or by fair construction, on the face of the document and, if so, (2)

can the defendant show [they were] actually prejudiced by the unartful language?" *Zillyette*, 178 Wn.2d at 162.

We distinguish between charging documents that are constitutionally deficient because of the State's failure to allege each essential element of the crime charged and those that are merely factually vague as to some other matter. *State v. Mason*, 170 Wn. App. 375, 385, 285 P.3d 154 (2012). The State may correct, under a bill of particulars, a charging document that lists the statutory elements of a crime but is vague as to other significant data. *State v. Leach*, 113 Wn.2d 679, 687, 782 P.2d 552 (1989). When an appellant challenges the charging information based on factual vagueness, the law precludes them from challenging the information on appeal if they failed to request a bill of particulars before trial. *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985).

Here, Riklon does not argue that the information failed to allege the essential elements of possession of a stolen vehicle, nor could he. Construing the information liberally, the information contained all the essential elements of possession of a stolen vehicle and it provided Riklon notice of the charges filed. Nor does Riklon identify any prejudice suffered from the allegedly deficient charging information.

Riklon instead claims that the information lacked any specific description of the vehicle. *See State v. Tresenriter*, 101 Wn. App. 486, 495, 4 P.3d 145, 14 P.3d 788 (2000) (holding that the description of stolen property is not an essential element of a possession of stolen property charge). Riklon did not request a bill of particulars before trial. Thus, the law precludes him from challenging the information on appeal in this manner. We affirm.

No. 53265-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Cruser, J.

4